OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court denying the motion for class action certification of plaintiff-appellant, Jeffery Boggs, in his cause of action against defendants-appelleesMoovies, Inc., et al.
On or about December 22, 1989 appellant purchased a lifetime membership with a predecessor corporation First Row Video, Inc., which operated a chain of video tape rental stores. Under the lifetime rental agreement, appellant paid $49.00 in exchange for specific benefits including, the ability to make reservations on movies, the ability to pre-book movies, an opportunity once a week to rent one movie and get a second rental for free, $5.00 off a camcorder rental, fifty percent off of VCR professional cleaning, $10.00 off any major repair for electronics, ten percent off of any video tape rewinder, $5.00 off of a movie passbook, $2.00 off of a case of ten blank video tapes and $.25 off of a bag of popcorn.
First Row Video was thereafter acquired by Moovies, Inc., and Moovies honored the lifetime membership for approximately one year. Moovies subsequently decided to discontinue the lifetime membership program and notified such members by sending them a form letter stating its intentions, as well as five free movie rental coupons. Appellant did not receive either the letter or the coupons in the mail, but discovered Moovies' termination of the program when he attempted to use his membership and was denied. An employee for Moovies provided appellant with a copy of the form letter as well as the five free movie rental coupons.
Appellant wrote a letter to Moovies indicating that he did not accept the termination of the lifetime membership program, and would not accept the five free movie rental coupons. Appellant tore each of these coupons in half and returned them to Moovies with his letter. Moovies did not respond. During the time of this correspondence, Moovies was acquired by Video Update, Inc. which currently operates the video rental chain.
Appellant thereafter filed a complaint against three parties including, Moovies, Inc., Video Update Inc. and Rokki Rogan, who was believed to be the director, controlling shareholder, or chief executive officer of First Row Video, Inc. and Moovies, Inc. Appellant set forth claims including, violations of the Consumer Sales Practices Act, breach of contract, violations of Ohio's Deceptive Trade Practices Act, common law fraud and punitive and exemplary damages.
On October 10, 1997, appellant filed a motion to certify the case as a class action. On November 26, 1997, Moovies, Inc. and Video Update, Inc. filed a motion to hold appellant's motion to certify in abeyance due to the fact that Rogan had not been served with process. The trial court granted the motion of Moovies, Inc. and Video Update, Inc. thereby holding the motion to certify in abeyance. On May 7, 1998, appellant filed a renewed motion to certify the case as a class action. On July 15, 1998, the trial court denied appellant's motion to certify, stating that the pleadings in the case were clear enough that an evidentiary hearing was not required. This appeal followed.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN FAILING TO CERTIFY THIS CASE AS A CONSUMER CLASS ACTION PURSUANT TO CIVIL RULE 23. THE TRIAL COURT'S FINDINGS THAT APPELLANT'S CLAIMS AND DEFENSES ARE NOT TYPICAL OF THE CLAIMS OR DEFENSES OF THE CLASS, AND THAT THE APPELLANT WILL NOT ADEQUATELY REPRESENT THE CLASS CONCERNING THE ISSUE OF ACCORD AND SATISFACTION, ARE NOT SUPPORTED BY ANY EVIDENCE IN THE RECORD. THE TRIAL COURT THEREBY ABUSED ITS DISCRETION."
A trial court has broad discretion in determining whether to certify a class action. Marks v. C.P. Chemical Co.
(1987), 31 Ohio St.3d 200, 201. An abuse of discretion standard applies to class action certification. Marks, supra, at 201. An abuse of discretion connotes more than an error of law or judgment; it implies that the trial court's attitude was unreasonable, arbitrary or unconscionable. Tracy v. Merrill-DowPharmaceuticals, Inc. (1991), 58 Ohio St.3d 147, 152.
A trial court must make seven affirmative findings before it may certify a case as a class action. Warner v. WasteManagement, Inc. (1988), 36 Ohio St.3d 91. Civ.R. 23 implicitly requires that there be an identifiable, unambiguous class and that the class representatives must be members of this class. Warner,supra, at 96. Four other requirements known respectively as numerosity, commonality, typicality and adequacy of representation are set forth in Civ.R. 23 (A), which provides:
"(A) Prerequisites to a class action
 "One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class."
Once these six requirements are met, a trial court must then find that any one of the three requirements of Civ.R. 23 (B) are met. In Warner, supra at 98-99, the Ohio Supreme Court stated that a trial court is not required to hold an evidentiary hearing for all class certification cases. However, the Ohio Supreme Court further stated that it is rare that the pleadings in a class certification are so clear to find that certification is or is not proper, by a preponderance of the evidence, without first conducting a hearing. Warner, supra at 98-99.
In the present matter, the trial court found that both of the implicit requirements of Civ.R. 23 were met as well as the numerosity and commonality requirements. However, the trial court found that neither the typicality requirement nor the adequacy of representation requirement were satisfied. The trial court made these findings without first conducting an evidentiary hearing as it found that the pleadings in the case were so clear that an evidentiary hearing was not required. The trial court based its finding on the fact that while appellant rejected the five free movie rental coupons, other lifetime members may have accepted these coupons thereby subjecting themselves to a defense of accord and satisfaction. Therefore, the trial court denied certification based upon these requirements and did not determine whether one of the requirements of Civ.R. 23 (B) were satisfied.
In the case at bar, appellees did not present adequate evidence to the trial court indicating that an accord and satisfaction defense would have been available against other lifetime members, but not against appellant. The trial court was only presented with the letter mailed to appellant and the five free movie tickets. The trial court did not have any other letters mailed to any other lifetime members. It cannot be said from the evidence presented that the pleadings were so clear as to determine that certification was improper by a preponderance of the evidence. Therefore, the trial court erred in failing to conduct an evidentiary hearing to determine whether an accord and satisfaction defense was available against other potential class members.
Even though the trial court failed to properly conduct an evidentiary hearing, it must next be determined whether the trial court abused its discretion in finding that the typicality and adequacy of representation requirements were not satisfied. This court is mindful that these are two distinct requirements, as was the Ohio Supreme Court in Hamilton v. Ohio Sav. Bank (1998),82 Ohio St.3d 67. However, for purposes of clarity, these requirements will be discussed together.
In Hamilton, supra at 77-78, the Ohio Supreme Court discussed the typicality and adequacy of representation requirements, stating:
 "The requirement for typicality is met where there is no express conflict between the class representatives and the class. Similarly, a representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members. * * *
"* * *
"* * *
 "* * * Moreover, a unique defense will not destroy typicality or adequacy of representation unless it is `so central to the litigation that it threatens to preoccupy the class representative to the detriment of the other class members.'" (Emphasis added).
Appellees argue that the accord and satisfaction defense was available against the other potential class members, but not appellant, thereby making appellant's claim atypical of the other potential class members' claims. Appellees also argue that appellant did not have to prepare to argue against the accord and satisfaction defense because this defense was not applicable to him. Since appellant would not have to prepare for the potential accord and satisfaction defense, appellees contend that his interest was antagonistic to the other class members. Thus, appellees argue that appellant was not an adequate representative. Therefore, appellees allege that the trial court did not err in finding that the typicality nor the adequacy of representation requirements were not met.
Even assuming arguendo that there was enough evidence presented to demonstrate a potential accord and satisfaction defense available against other lifetime members, this single defense did not destroy the typicality or adequacy of representation requirements. Civ.R. 23 (A) (3) states that the claims or defenses of the representative party must be typical of those of the class. Civ.R. 23 (A) (3) does not require that both claims and the defenses of the representative party be typical of the class. Thus, if a representative party's claims are typical of the class, then Civ.R. 23 (A) (3) is satisfied. Furthermore, inBaughman v. State Farm Mut. Auto. Ins. Co. (2000), 88 Ohio St.3d 480,484, 485, the Ohio Supreme Court stated:
 "On the other hand, the court of appeals' insistence that appellants be `identically situated' to the potential class members is too demanding a test for typicality. Certainly the typicality requirement is satisfied when the named plaintiffs are found to be in a situation `identical to that of putative class members.' * * * However, typicality does not require exact identity of claims. `The defenses or claims of the class representatives must be typical of the defenses or claims of the class members. They need not be identical.'" (Additional citations omitted).
In the present matter, appellant's claims against appellees were typical to those claims of the other potential class members, as both appellant and the other potential class members had a cause of action resulting from the termination of their lifetime memberships. Appellant did not have additional claims against appellees which the other potential class members did not, nor vice versa. While the potential defense of accord and satisfaction might have been available to other class members, but not appellant, this does not prevent the typicality requirement from being satisfied, as the claims of the representative party do not have to be identical to the potential class members. Baughman, supra. Furthermore, there was not an express conflict between appellant and the other potential class members. Hamilton, supra. Thus, the typicality requirement was satisfied.
Furthermore, a single possible defense of accord and satisfaction did not violate the adequacy of representation requirement, as this defense did not threaten to preoccupy appellant to the detriment of the other class members. Hamilton,supra. Moreover, it is noted that if a single, unique defense could prevent certification of a class, it would be extremely difficult to ever have a certified class, considering the numerous defenses available for a breach of contract claim. Allowing a single defense to destroy class certification would injure the policy behind class action suits, which the Ohio Supreme Court inHamilton, supra at 80, recognized:
 "`The policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone's (usually an attorney's) labor.'" (Additional citations omitted).
Given the fact that a single, potential accord and satisfaction defense would not violate the typicality or adequacy of representation requirements, the trial court erred in finding that these requirements were not satisfied.
Appellees provide three conditional assignments of error to be considered in the event that this court finds merit in appellant's assignment of error. Appellant argues that appellees conditional assignments of error should not be considered because appellees did not file a cross-appeal. However, App.R. 3 (C) allows conditional assignments of error, stating:
"(C) Cross appeal
"* * *
 "(2) Cross appeal not required. A person who intends to defend a judgment or order appealed by an appellant on a ground other than that relied on by the trial court but who does not seek to change the judgment or order is not required to file a notice of cross-appeal."
In the present matter, appellees are defending the judgment of the trial court which denied appellant's motion for class action certification. In their conditional assignments of error, appellees are defending on grounds other than those relied upon by the trial court, and appellees do not seek to change the judgment. Therefore, pursuant to App.R. 3 (C), appellees' conditional assignments of error will be considered since this court finds merit in appellant's sole assignment of error.
In their first conditional assignment of error, appellees contend that the trial court erred in finding that the implicit requirements of Civ.R. 23 were satisfied. Appellees contend that in order to satisfy the implicit requirements, appellant would have to show an identifiable class and that he was a member of that class. Appellees contend that the potential class was neither identifiable nor unambiguous. Appellees contend that the lifetime members, as named in the potential class action, consisted of three different groups, including those members who accepted appellees' offer; those members who rejected the initial offer, but later reached a different settlement agreement with appellees; and those members, such as appellant, who refused to settle with appellees. Appellees contend that since there were several groups of lifetime members, the class was ambiguous and appellant was not similarly situated.
Appellees contention is without merit. In Warner supra
at 96, the Ohio Supreme Court provided examples of classes which it considered to be ambiguous. These examples included, "`* * * all people active in the peace movement,' `all people who have been or may be harassed by the police' and `all poor people.'" In the present matter, the class consisted of lifetime members. These members were not ambiguous, and could be ascertained by viewing the records of appellees. Furthermore, appellant was a member of this class, as he was a lifetime member. Therefore, the trial court properly found that the implicit requirements of Civ.R. 23 were satisfied.
In their second conditional assignment of error, appellees contend that the trial court erred in finding that the numerosity requirement of Civ.R. 23 (A) (1) was satisfied. Appellees state that the trial court found that there were over one thousand lifetime members. However, appellees contend that evidence was not presented indicating that this was an accurate number of lifetime members. Appellees also contend that the potential class could not include those members who settled with appellees because they do not have similar interests.
Appellees' second conditional assignment of error is without merit. Courts have not specified the number of class members that are required to satisfy the numerosity requirement, and such determination must be made on a case-by-case basis.Warner, supra, at 97. However, the Ohio Supreme Court, in Warner,supra, at 97, provided guidance as to the number of members which would satisfy the numerosity requirement, stating:
 "* * * `[i]f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * *.'"
In the case at bar, evidence was not presented demonstrating the specific number of lifetime members. However, the evidence presented included the fact that there were several video rental stores operated by appellees. Therefore, the evidence supported a finding that there were over forty lifetime members and that the trial court did not err when it found that the numerosity requirement was satisfied. Warner, supra.
In their third conditional assignment of error, appellees argue that appellant did not satisfy one of the requirements under Civ.R. 23 (B). Appellees recognize that the trial court did not consider this issue, but nonetheless argue that appellant did not satisfy any of the requirements of Civ.R. 23 (B). Appellees argue that Civ.R. 23 (B) (1) did not apply because appellant did not seek certification under this section. Appellees next argue that Civ.R. 23 (B) (2) did not apply because this section provides for certification when the remedy sought is either injunctive or declaratory relief, but appellant sought monetary damages in the present matter. Appellant argues that Civ.R. 23 (B) (3) was the applicable section for certification. Civ.R. 23 (B) (3) provides:
"(B) Class actions maintainable
 "An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
"* * *
 "(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action."
Appellees argue that the only common issue in the present action was the termination of the lifetime memberships. However, appellees concede that the lifetime memberships were terminated, thereby resolving this issue. Appellees maintain that the only unresolved issue was whether any of the potential class members settled with appellees. Appellees argue that this issue was important to determine whether an accord and satisfaction defense applied. Appellees further contend that this issue was the predominant issue in the case. Appellees allege that appellant was not subject to an accord and satisfaction defense because he rejected the five free movie rental coupons. Appellees contend that a class action is not the best method of disposing of the present matter because the individual issue of whether a potential class member settled with appellee predominates over the common issue of the termination of the lifetime membership. Appellees argue that determination of settlement would result in several mini-trials, which is not an effective manner to resolve this dispute. Therefore, appellees contend that appellant did not satisfy Civ.R. 23 (B) (3).
In Hamilton, supra at 84, the Ohio Supreme Court considered whether Civ.R. 23 (B) was not satisfied due to the fact that a statute of limitations defense was available against some class members, but not others. In finding that this defense did not violate Civ.R. 23 (B) (3), the Ohio Supreme Court in Hamilton,supra at 84, stated:
 "`That a statute of limitations may bar the claims of some, but not all, class members does not compel a finding that individual issues predominate over common ones. * * * Rather, as long as there is a sufficient nucleus of common issues, differences in the application of a statute of limitations to individual class members will not preclude certification under Rule 23 (b) (3).'" (Emphasis added).
The fact that it may later be established that the defense of accord and satisfaction was available against some class members does not preclude class certification under Civ.R. 23 (B) (3). The claims of appellant arose from appellees termination of the lifetime memberships. This provided a sufficient nucleus of common issues and thereby satisfied the requirement of Civ.R. 23 (B) (3). Hamilton, supra. Therefore, appellants third conditional assignment of error is not well taken.
Given that appellant has satisfied all of the requirements for class action certification, the trial court abused its discretion in denying appellant's motion for class action certification.
Appellant's sole assignment of error is found to be with merit.
The judgment of the trial court is reversed and this cause is remanded for further proceedings in accordance with the law and consistent with this opinion.
Donofrio, J., concurs. Vukovich, J., concurs.
 ______________________________ EDWARD A. COX, PRESIDING JUDGE