OPINION
In this case, Jimmy Arroyo appeals from the trial court's denial of a motion for class certification. The trial court's decision was based solely on a finding that Arroyo failed to meet the burden of proof for numerosity. In a single assignment of error, Arroyo claims that the trial court abused its discretion by denying the motion on this basis.
After reviewing the record, we agree with the trial court that Arroyo failed to show that the potential class was so numerous that joinder would be impracticable. Accordingly, Arroyo's single assignment of error is without merit and will be overruled.
Arroyo's claim arose from a consumer transaction with Wagon Wheel Auto Sales, Inc. Specifically, on December 26, 1998, Arroyo purchased a used 1987 Nissan Sentra from Wagon Wheel for $1,844. At the time, Arroyo paid $450 in cash and agreed to pay the remaining balance in installments of $31.87 per week. Arroyo paid as agreed until March 13, 1999. However, the car developed mechanical problems and was returned to Wagon Wheel on March 20, 1999.
Subsequently, on April 14, 1999, Arroyo filed a complaint against Wagon Wheel and its owner, Jack Tudor. In the complaint, Arroyo alleged that Wagon Wheel and Tudor had violated the Ohio Retail Installment Sales Act, the Truth-in-Lending Act, the Ohio Consumer Sales Practices Act, and the common law. In particular, Arroyo claimed the Defendants failed to disclose various information required for financing installment sales, used documents that impermissibly gave Defendants the right to accelerate collateral, imposed hidden finance charges, and committed other deceptive and unconscionable acts. Attached to the complaint were various preprinted or type-written forms used in connection with the sale. The complaint also contained class action allegations and included class action certification as part of the relief requested. On June 10, 1999, the Defendants filed an answer and counterclaim, denying most of Arroyo's allegations, and asking for reimbursement of repair expenses, plus the cost of a rental car that Arroyo had used for about three weeks.
On September 7, 1999, Arroyo filed a motion for class certification. However, Arroyo did not include any specific factual materials to support the motion; instead, he relied on various presumptions which "reasonably arose" from the Defendants' use of preprinted forms. Defendants opposed class certification, contending, among other things, that Arroyo failed to meet the burden of proof on numerosity. In this regard, Defendants pointed to the lack of proof that joinder would be impractical because of class size. Defendants did include some factual materials with their response, including an affidavit from Jack Tudor, who was the owner of Wagon Wheel.
Arroyo then filed a reply memorandum on October 8, 1999, but again did not attach specific factual documents or discovery responses. In the memorandum, Arroyo argued that he had met his initial burden, since the record gave rise to "a reasonable inference" that numerosity was satisfied.
The trial court did not rule on the motion for class certification until March 8, 2000. In the meantime, Arroyo filed a motion for partial summary judgment and Defendants responded to the motion. After Arroyo filed a reply on the summary judgment issue, the trial court referred that particular matter to the magistrate. The court then issued its own decision and overruled the certification motion because Arroyo failed to prove numerosity.
As we indicated, Arroyo now appeals, claiming the trial court abused its discretion. In this regard, Arroyo says the court failed to apply established legal standards, which do not require precise class numbers to be shown. Arroyo further contends that the court should have conditionally allowed certification since the information needed to identify class members was within the Defendants' hands. Additionally, Arroyo argues that the court ignored the preprinted forms, which gave rise to an inference that the forms were given to large numbers of people. Other points of contention include allegations that the trial court improperly considered the merits of the case, and that the court's decision is inconsistent with another case in the same county involving identical issues. We will discuss each of these points, to the extent they are relevant to our decision.
We begin our analysis with a review of general principles governing appellate and trial court decisions on certification. First, we note that trial courts have special expertise in case-management problems and inherent power to manage their dockets. Consequently, trial courts have broad discretion in deciding if classes should be certified. Hamilton v. Ohio Sav.Bank (1998), 82 Ohio St.3d 67, 70. This discretion is not unlimited, and must be "exercised within the framework of Civ.R. 23." Id. Nonetheless, appellate courts must be cautious in finding an abuse of discretion, especially where certification has been rejected. Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200,201. Abuse of discretion is "more than an error of law or judgment. * * * [It] implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable."Ojalvo v. Board of Trustees of Ohio State University (1984),12 Ohio St.3d 230, 232.
In Hamilton, supra, the Ohio Supreme Court outlined these general requirements for a class action to be allowed under Civ.R. 23:
 (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interests of the class; and (7) one of the three Civ.R. 23(B) requirements must be met.
 82 Ohio St.3d at 71. In the present case, we are concerned only with item four, which is the numerosity requirement, i.e., Civ.R. 23(A)(1).
Civ.R. 23(A)(1) has not been interpreted as specifying particular numerical limits. Warner v. Waste Management, Inc.
(1988), 36 Ohio St.3d 91, 97. Instead, numerosity decisions are made on a case-by-case basis. However, the Ohio Supreme Court has also indicated that:
 "if the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule * * * ."
 Id., quoting from 7A Wright, Miller Kane, Federal Practice 
Procedure (1986), Section 1761. Therefore, numerosity would have been satisfied in the present case if Arroyo presented information indicating that his class contained at least forty people. Unfortunately, Arroyo gave the trial court no information to support such a claim.
As we mentioned, Arroyo contends that the law does not require precise numbers to be shown for class certification. We agree with that statement, i.e., Arroyo did not have to show exactly how many potential members were in the class. On the other hand, decisions about class members have to be based on something more than speculation. In this regard, the trial court noted that while Wagon Wheel had been in business for at least two years, Arroyo failed to produce any evidence of another customer who had purchased a used car from Wagon Wheel and had been given the allegedly objectionable forms. As a result, the court found that numerosity had not been satisfied. The real dispute, therefore, is over how numerosity should be shown. Arroyo believes that no factual evidence is required, and that the court can simply make reasonable assumptions, based on the allegations in the complaint. In contrast, the Defendants (and the trial court) feel that plaintiffs must do more than speculate about the potential size of a class. We agree with the Defendants and the trial court on this point.
Notably, in this case, nearly a year passed between the filing date of the complaint and the date the certification decision was issued. Additionally, almost six months elapsed between the time the motion to certify was filed and when the certification decision was made. During these periods of time, Arroyo could have conducted discovery, and could have used the discovery to help support the certification motion. Despite this opportunity, Arroyo relied on his pleadings and his own affidavit, which gave the court very little information.
To counter this deficiency, Arroyo says on appeal that he did send interrogatories to the Defendants, asking for information about past transactions and customers. According to Arroyo, the Defendants refused to answer the questions because the case had not yet been certified. Assuming that this is true (because these documents are not part of the record), we fail to understand why Arroyo did not file a motion to compel discovery.
In Warner, the Ohio Supreme Court recognized that trial courts do not have to hold evidentiary hearings for all class certification cases. However, the Court also stressed that "the pleadings in a class certification action will [rarely] be so clear that a trial judge may find, by a preponderance of the evidence, that certification is or is not proper."36 Ohio St.3d at 99. By failing to file a motion to compel, and by urging the trial court to rely on the pleadings, Arroyo invited the error about which he now complains. The law is well-established that "[a] party will not be permitted to take advantage of an error which he himself invited or induced the trial court to make." HalArtz Lincoln-Mercury, Inc. v. Ford Motor Co., Lincoln-Mercury Div. (1986), 28 Ohio St.3d 20, paragraph one of the syllabus, andWells v. Miami Valley Hosp. (1993), 90 Ohio App.3d 840, 864-865.
Under Civ.R. 26(B)(1), parties are given broad discovery rights, to "obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." A trial court does have broad discretion in controlling discovery, but can abuse its discretion by failing to compel discovery needed to litigate a class certification issue. SeeShaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783, 799-800
(finding that plaintiff in class action case was not substantially prejudiced by the trial court's failure to rule on a motion to compel prior to denying class certification. Significantly, the lack of prejudice was based on the appellate court's decision to reverse the denial of certification). See, also, Hinkston v.Finance Co. (May 12, 2000), Hamilton App. No. C-980972, unreported (noting that trial court granted motion to compel defendant to provide information about the putative class).
Accordingly, Arroyo could have filed a motion to compel discovery of additional evidence pertaining to certification. Since Arroyo did not take that step and did not give the trial court any evidence on certification, Arroyo cannot now complain about the trial court's rejection of certification.
We do note that one court has found no abuse of discretion, where a trial court refused to compel discovery of information related to certification. See Burrell v. Sol Bergman EstateJewelers, Inc. (1991), 77 Ohio App.3d 766, 771 (trial court rejected discovery because it felt plaintiff was on a "fishing expedition," and appellate court found no abuse of discretion). Our own district has never ruled on this particular point. However, our decisions have long reflected the belief that discovery should be liberally allowed. See, e.g., State, Dept. ofMental Retardation and Developmental Disabilities, Office ofSupport v. Hatch (June 12, 1989), Montgomery App. No. 11227, unreported, p. 5 (affirming default judgment granted against defendants for failure to provide requested discovery); Horton v.Addy (Jan. 25, 1993), Montgomery App. No. 13524, unreported, order vacated and dismissed for lack of a final, appealable order (1994), 69 Ohio St.3d 181 (disclosure of medical records compelled); and Menda v. Springfield Radiologists, Inc. (Feb. 25, 2000), Clark App. No. 99CA71, unreported, p. 2 (affirming trial court's refusal to grant protective order that would have precluded disclosure of medical records).
In light of the foregoing discussion, our district had no existing barrier that would have kept Arroyo from receiving discovery appropriate to class certification. Consequently, we must disagree with Arroyo's claim that the trial court should have granted certification because the facts were "in the hands" of the Defendants. To the contrary, Arroyo had sufficient opportunity to discover the facts, but chose not to pursue that avenue. As we said, the trial court cannot be faulted for making a decision which reflected the facts the court was given.
As a further point in this context, we note when parties attach evidence to their briefs that is not part of the record, we cannot consider it and then decide the appeal in their favor based on the new material. See, e.g., Jones v. Jones (Dec. 13, 1996), Champaign App. No 95-CA-22, unreported, p. 5. For this reason, we have not evaluated the interrogatories and interrogatory responses attached to Arroyo's reply brief. However, even if we did consider these documents, they would only provide a further reason to affirm the trial court's decision. Specifically, the certificate of service on Wagon Wheel's interrogatory responses is dated September 8, 1999, or almost six months before the trial court issued the certification decision. This fact further supports, but is not necessary for our conclusion that Arroyo had ample time to bring discovery problems to the trial court's attention.
In addition to the above arguments, Arroyo claims that the trial court improperly ignored Wagon Wheel's use of preprinted forms. According to Arroyo, the use of standardized forms is "in and of itself" sufficient evidence of the probable existence of a class in excess of the minimum number. Again, we disagree.
First of all, the use of standardized forms has typically been analyzed from the standpoint of whether the "predominance" requirement of Civ.R. 23 has been satisfied. See, e.g., Cope v.Metro. Life Ins. Co. (1998), 82 Ohio St.3d 426, 429-30. In other words, where a defendant's actions may require proof on claims of individual class members, courts consider whether a common question still exists among the class. An example would be situations where fraud is alleged. In this regard, cases "involving omissions across the entire class are generally certified as class actions, notwithstanding the need for each class member to prove [inducement and reliance upon material omissions by direct evidence]" Id. at 436 (parenthetical material added).
The fact that the use of standardized forms generally arises in the context of "predominance" does not mean that their use is irrelevant to numerosity. Nonetheless, even if standardized forms are used, plaintiffs still have an obligation to give trial courts some evidence upon which to base a decision. Specifically, for all we know (or the trial court knew), the Wagon Wheel forms were used in just a few transactions. The most we can infer from the record is that Wagon Wheel was in business for two years. We have no idea how many (or how few) transactions may have taken place over that period of time, nor do we have any idea if the forms were actually used for anyone other than Arroyo. Even if one could reasonably infer that the forms were used in other transactions, the record contains not a shred of evidence indicating how many customers may have received the forms. Again, discovery would have revealed facts indicating whether a large class of potential plaintiffs existed.
As a further matter, we do not think the trial court improperly considered the case's merits. In this regard, Arroyo focuses on the court's comments that parts of the Used Vehicle Order were "filled in by the salesmen," and that the "allegedly offending language or lack thereof would not necessarily be contained on all forms even if they were standard forms." While we believe these remarks were factually incorrect, we do not think they indicate that the trial court relied on the merits in refusing certification.
In context, the trial court's remarks were as follows:
 Arroyo, however, presents no evidence that the form is standard in all of Wagon Wheel's transactions. This court also notes that much of what Arroyo claims constitutes statutory violations is contained in the portions of the Used Vehicle Order that was filled in by the salesman. Thus, the allegedly offending language or lack thereof would not necessarily be contained on all forms even if they were standard forms. Further, and more importantly, Arroyo has presented no evidence of the existence of any other class members. Arroyo has failed to present evidence of another consumer who has purchased a used vehicle from Wagon Wheel and received the same forms.
Contrary to the trial court's statements, the statutory violations primarily related to failure to disclose information about financing, disclaimer of warranties, and inclusion of a provision giving Defendants the apparent right to accelerate payments. Concerning the first category, alleging that an item is not disclosed is inconsistent with such a matter having been written in by a salesperson. Furthermore, the documents used for Arroyo's transaction were attached to the complaint, and reveal that the information which was filled in was factual information about the sale. For example, the type of auto, name of purchaser, sales price, and so on, are hand-written, while the rest of the form is preprinted.
Regarding the second category, the only warranty statements on any forms were printed. And finally, concerning the third category, a document entitled "Before You Take Delivery of Your Vehicle" is also attached to the complaint. This document says that "If you still owe money, it is due on the due date — no exceptions — no excuses. If you don't, we will pick up the car and you lose your money!" However, this document, including the preceding statement, is completely type-written. The only hand-written information is the customer's signature, the date, and the signature of a witness.
Based on these facts, the trial court was wrong when it said that the offending language would not necessarily be found on all forms, even if the forms were standard. However, the court did not rely on that point. Instead, the court went on to discuss the fact that Arroyo had failed to present any evidence about the existence of any other class members. As we have already said, we agree with the trial court about that point.
In Ojalvo, the Ohio Supreme Court said that "[a] single analytical error by the trial court, in an otherwise correct analysis, might not necessarily constitute a sufficient basis to overturn the decision of the court under established tests for abuse of discretion." 12 Ohio St. 3d at 232-33. Consequently, while the trial court made either a factual or an analytical error, or both, that is not a sufficient basis for overturning the court's decision.
As a final matter, we do not see any conflict between the trial court's decision in this case and a case Arroyo has relied on, i.e., Lawhorn v. Joseph Toyota, Inc. (Dec. 13, 1999), Montgomery C.P. No. 99-1796, unreported. According to Arroyo,Lawhorn involves identical issues and requires certification of the Wagon Wheel class. We agree that similar issues may be involved, but we do not agree that certification is, therefore, required.
Like the present case, Lawhorn involved an auto dealer's disclaimer of warranties on the sale of a used car. Id. at p. 2. In discussing numerosity, the court in Lawhorn commented that:
 while the individual class members have not been named specifically, Lawhorn has alleged that their numbers could be in excess of 5,000 persons. In any event, it seems reasonable to assume that the number is great, and that the language used in Lawhorn's sales contract was by no means an isolated incident. Furthermore, Joseph Toyota has not contested the purported size of the class. Thus, because the Court assumes that the size of the class is in the thousands, the Court finds that joinder of all members as named plaintiffs would be impracticable.
 Id. at p. 6 (emphasis added).
We think the emphasized language highlights a significant distinction between Lawhorn and the present case. To be specific, if a defendant admits the potential class size, the court does not need further information in order to find that numerosity is satisfied. However, when the class size is disputed, as it was here, the court will require more information before making a decision. Ultimately, if the information is not made available, the court does not act unreasonably in denying certification.
In this regard, Arroyo contends that the Defendants in this case did not dispute the class size. However, that is not true. As we mentioned earlier, the Defendants denied the class action allegations when they responded to the complaint. Likewise, in a memorandum opposing certification, Defendants disputed the potential class size and the propriety of certifying a class. Consequently, the trial court correctly refused to speculate about class size, in the absence of any further information.
Based on the preceding analysis, the single assignment of error is without merit and is overruled. Accordingly, the judgment of the trial court is affirmed.
 _______________________ BROGAN, J.
WOLFF, J., and YOUNG, J., concur.