**Davis v. Nestle Foods Corp.**
**Case No. 11561**
**Montgomery County, (2nd)**
**Decided January 8, 1990**
[Cite as 1 AOA 115]

*Michael M. Hughes, James D. Robenalt, 1100 National City Bank Bldg., Cleveland, Ohio 44114; Attorneys for Defendant-Appellee,*

*Michael J. Millonig, 2801 Far Hills Avenue, Suite 207, Oakwood, Ohio 45419; Attorney for Plaintiff-Appellant.*

WILSON, J.

The five named plaintiffs in this case all participated in a promotional program conducted by the Nestle Foods Corporation in association with the Cincinnati Reds during the 1986 baseball season.

The promotion offered Reds ticket refunds up to $ 22 upon the receipt of an "Official Mail-In Certificate" along with the requisite number of Nestle Crunch candy wrappers and Reds ticket stubs. The offer further provided in part that "This certificate must accompany your correct proofs of purchase and may not be reproduced."

The plaintiffs alleged in their "Amended class action complaint" that the terms of the offer did not limit the number of requests a person could make and that they mailed multiple request. Plaintiffs further alleged that they received multiple refunds and that in reliance thereof they purchased large quantities of Crunch for additional requests for refunds which were denied.

Count one of the amended complaint contains allegations which comport with the requirements of Civ. R. 23(A) and (B). Under this count they also allege that refunds are due them in excess of $14,000.

In count two the plaintiffs alleged that Nestle's failure to honor multiple requests and/or the failure to state the limitations of its offer is an unfair or deceptive consumer sales practice.

On October 6, 1988, the plaintiffs moved for certification of the following defined class:

All persons who submitted requests for refunds in excess of $22 in response to the offer described in Exhibit A of the Complaint and were denied refunds for any of their requests in excess of $22.T  h  e motion for certification of a class was overruled in a twelve page "decision, entry and order" filed March 24, 1989.

The plaintiffs have appealed. In each of their four assignments of error they state in part:

THE LOWER COURT'S DENIAL OF PLAINTIFF'S MOTION FOR CLASS CERTIFICATION *** IS AN ABUSE OF DISCRETION.

The trial court's finding that the requirements of Civ. R. 23(A) (2), (3), (4), and (B) (3) had not been met is the basis of the alleged four acts of abuse of discretion.

"A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ. R. 23, while five others are specifically set forth therein." *Warner* v. *Waste Management, Inc., et al* 36 Ohio St. 3d 91.

The two implicit prerequisites are (1) an unambiguous identifiable class must exist, and (2) the class representatives must be members of the class.

The record in this case contains the names and addresses of the approximately 314 persons who would fall within the plaintiff's proposed class definition. All of the plaintiffs also fall within the proposed class definition.

We agree with the trial court that two implicit prerequisites for class action certification have been met in the case before us.

It is clear from the *Warner* case that "a trial judge must find that one of the three Civ. R. 23(B) requirements is met before a class may be certified."

The trial court found that certification would be warranted under Civ. R. 23(B) (1) (a) but that it could not be maintained under the requirements of Civ. R. 23(B) (3).

In view of the trial court's finding of compliance with the requirements of Civ. R. 23(B), the Civ. R. 23(B) (3) finding is not prejudicial regardless of whether the finding was correct.

It follows that the appellant's fourth assignment of error on this issue is overruled.

It is also clear from the *Warner* case that all four requirements of Civ. R. 23(A) must be met before a class may be certified.

Civ. R. 23(A) provides:

(A) Prerequisites to a Class Action. One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that

joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

We agree with the trial court that the numerosity requirement of Civ. R. 23(A) (1) has been met.

The trial court found that the plaintiffs failed to meet the commonalty requirement of Civ. R. 23(A) (2) because there are varying questions of law and fact among the purported class members.

The trial court made essentially this same determination when it discussed Civ. R. 23(B) (3) requirements and found that the certification of a class action may not be maintained under Civ. R. 23(B) (3) "because questions of fact and law do not predominate among the purported class members."

In discussing the commonalty requirement the trial court found that, "the promotional program, with its 'mail-in' certificate offer, and the fact that the purported class members were denied a request of $22 is the only common fact found among members of the purported class."

The predomination finding does not detract or modify the finding of the trial court quoted above which we view to be an implicit finding that "there are questions of law or fact common to the class."

Closely related to the commonalty requirement is the typicality requirement of the Civ. R. 23(A) (3).

The trial court found that "the claims and defenses of the representative parties are not typical of the claims and defenses of the purported class." Two reasons were given for the above determination.

The first is that some of the members of the purported class were "seasoned" and experienced refunders who engage in refunding offers as a business.

The second reason was that the number of refund requests varies to a great degree.

"The typicality requirement has been found to be satisfied where there is no express conflict between the representatives and the class." *Warner* v. *Waste Management, Inc. Supra.*

The dominant issue in this case is whether the terms of the Nestle offer were limited so that each person participating in the promotion would be entitled to total maximum refunds of twenty-two dollars.

We fail to see how the reasons given by the trial court for finding a lack of typicality show a conflict between the representatives and the purported class.

It has been held that the adequacy of representation requirement of Civ. R. 23(A) (4) "is generally divided into a consideration of the adequacy of the representative and the adequacy of counsel." *Marks* v. *C.P. Chemical Co.* (1987), 31 Ohio St. 3d 200.

The trial court found that there was no reason to doubt the competence of plaintiffs' counsel.

Before finding that the representative parties can not fairly and adequately protect the interests of the other members of the purported class the court gave the following reasons:

"The Court is bothered by the entrepreneurial nature of the representative plaintiff in the case *sub judice*. The other purported members of the class did not engage in the promotion to the extent of and nature of the representative plaintiff. The potential for conflict seems ripe."

*Marks* v. *C.P. Chemical Co., supra* held that "a representative is deemed adequate so long as the interest is not antagonistic to that of other class members."

In our view the reasons given by the trial court do not show that the interests to be compared are antagonistic, and we have found nothing in the record which indicates any incompatibility.

The syllabus in *Marks* v. *C.P. Chemical Co., supra* provides:

"A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion."

The unanimous opinion in this case further held:

It is at the trial level that decisions as to class definition and the scope of questions to be treated as class issues should be made. A finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously.

A trial court's order denying class certification was found to be an abuse of

discretion in *Ojalvo* v. *Board of Trustees of Ohio State University* (1984), 12 Ohio St. 3d 230.

Beginning at the bottom of page 232 of the opinion, the majority in the *Ojalvo* case held: "A single analytical error by the trial court, in an otherwise correct analysis, *might not* necessarily constitute a sufficient basis to overturn the decision of the court under established tests for abuse of discretion." (Emphasis added.)

Footnote number ten in *Warner* v. *Waste Management, Inc., supra* contains the above quote from *Ojalvo* and further provides:

> Accordingly, Ojalvo holds that a mere analytical error does not constitute an abuse of discretion. However, where the trial court completely misconstrues the letter and spirit of the law, it is clear that the court has been unreasonable and has abused its discretion.

We find an abuse of discretion in the case before us.

We reverse and remand for further proceedings.

WOLFF, P.J., concurs.

GRADY, J., dissenting:

Appellants' action alleges breach of contract and misrepresentation. Where offers and/or representations are made to large numbers of consumers in similar but separate transactions, courts have frequently found that the separate transactions have possibly created differences in the wrong suffered by individuals and that class action is not appropriate. Annotation, Consumer Class Actions Based On Fraud or Misrepresentation (1973), 53 ALR 3d 534. That, in essence, is the reasoning of the trial court when it concluded that the nature and scope of appellants' refund scheme so distinguished them from other contestants that they failed the requirements of commonality, typicality, and representativeness required by Civ. R. 23(A).

The class action provisions of Civ. R. 23 do not create additional rights or remedies in litigants. They are, primarily, docket management devices enacted to reduce multiplicity of litigation. For that reason the trial courts are granted very broad discretion in determinations that a class action is or is not appropriate. The appellate courts may not reverse for an error of law or judgment, but only upon a finding of an abuse of discretion that is unreasonable, arbitrary, or unconscionable and which completely misconstrues the letter and spirit of the law. *Ojalvo* v. *Board of Trustees of Ohio State University* (1984), 12 Ohio St. 3d 230. *Warner* v. *Waste Management, Inc.* (1988), 36 Ohio St. 3d 91.

The trial court made the seven affirmative findings required of it by Civ. R. 23 and concluded that appellants' application was deficient in five of those respects. The court's analysis was careful and precise. It does not reflect an abuse of discretion required by Ojalvo and *Warner* to allow reversal by this court.

The judgment and decision of the trial court should be sustained.