OPINION
Trumbull Savings and Loan Co. ("Trumbull") appeals the order of the Trumbull County Court of Common Pleas to certify a class action suit against it.
Trumbull provided financing for numerous persons who purchased interests in two campgrounds, Ponderosa Park Resorts, Inc. ("Ponderosa") and The Landing at Clay's Park, Inc. ("the Landing"). Appellees filed suit against Trumbull as representative plaintiffs of the class, they were: William A. and Lola J. Isaak, who purchased an interest in the Landing and obtained financing though Trumbull; and Edmond M. and Judith Gray, who purchased an interest in Ponderosa and obtained financing though Trumbull. Both parks eventually went bankrupt.
Appellees alleged that Trumbull and the campgrounds executed the sales contracts in violation of federal consumer protection statutes. Contracts in accordance with the federal statutes require a provision that allows the executor of the contract to assert any claims or defenses against any holder of the contract ("the holder provision"). The basis of their complaint was that Trumbull, as the holder of loan contracts executed by appellees, was subject to any claims they had against the sellers, the campgrounds, and that they had violated federal statutes by failing to include the holder provision in the contract.
Appellees initially filed this claim in the United States District Court, Northern District of Ohio and alleged that: appellant violated the federal RICO (Racketeer Influenced and Corrupt Organizations) statute; because Ponderosa and the Landing breached the contracts, Trumbull was also liable through the operation of the holder provision; because Ponderosa and the Landing breached their duty of good faith and fair dealing, Trumbull was also liable through the operation of the holder provision; and appellant and the campgrounds had conspired to deny appellees a remedy under Federal Trade Commission law by failing to include the required holder provision in the loan contracts. That claim was dismissed because the statute of limitations in the RICO statute had expired. However, before the district court dismissed the complaint, it certified the case as a class action with appellees as the representative plaintiffs.
On February 9, 1998, appellees filed a similar complaint in the Trumbull County Court of Common Pleas. On June 11, 1999, the trial court sustained appellees' motion for class certification, and defined the class as:
 "All persons who purchased interests from Ponderosa Park, Inc. and/or The Landing at Clay's Park, Inc. which were financed pursuant to Promissory Notes assigned to obtained by or transferred to Trumbull Savings and Loan Company."
Appellant appeals from the order[1] and raises the following assignment of error:
 "The trial court abused its discretion in granting plaintiffs-appellees' motion for class certification."
In its sole assignment of error, appellant asserts that it was improper for the trial court to certify the class action without doing a rigorous analysis of the class action prerequisites and that appellees failed to satisfy the prerequisites.
As set forth in Warner v. Waste Mgt., Inc. (1988),36 Ohio St.3d 91, 521 N.E.2d 1091, the following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23:
 (1) an identifiable class must exist and the definition of the class must be unambiguous;
 (2) the named representatives must be members of the class;
 (3) the class must be so numerous that joinder of all members is impracticable;
 (4) there must be questions of law or fact common to the class;
 (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class;
 (6) the representative parties must fairly and adequately protect the interests of the class; and
 (7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B).
 "A trial judge must make seven affirmative findings before a case may be certified as a class action. Two prerequisites are implicitly required by Civ.R. 23, while five others are specifically set forth therein." Id. at paragraph one of syllabus.
A trial court's discretion is bound by and must be exercised within the framework of Civ.R. 23, which is identical to Fed.Civ.R. 23. "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."Hamilton v. Ohio Sav. Bank (1998), 82 Ohio St.3d 67, 70,694 N.E.2d 442. In Hamilton, the Court noted that, while there is no explicit requirement in Civ.R. 23 that the trial court make formal findings to support its decision on a motion for class certification, it suggested that trial courts make separate written findings as to each of the seven class action requirements, and specify their reasoning as to each finding. Id. at 70-71. It pointed to "compelling policy reasons" for a court doing so, such as providing a firm basis for an appellate court to determine whether the trial court exercised its discretion within the framework of Civ.R. 23.
Additionally, because the federal district court has already decided the issue of class certification, appellant may be precluded from further litigating the issue under the doctrine of collateral estoppel. See Fort Frye Teachers Assn, OEA/NEA v.State Emp. Relations Bd. (1998), 81 Ohio St.3d 392,692 N.E.2d 140.
We are unable to determine, from examining the record and the appealed judgment entry, whether or not the trial court carefully and correctly applied the class action requirements and conducted a rigorous analysis to determine whether the prerequisites of Civ.R. 23 were satisfied or if it determined that collateral estoppel applied.
Appellant's assignment of error has merit.
We reverse and remand for the trial court to apply the class action prerequisites to determine whether this case should proceed as a class action.
 __________________________________________________________ ROBERT A. NADER, JUDGE
FORD, P.J., MILLIGAN, J., Ret., Fifth Appellate District, sitting by assignment, concur.
[1] This order is final, pursuant to R.C. 2505.02(B)(5), which provides that "[a]n order that determines that an action may or may not be maintained as a class action" is a final order.