CONCURRING AND DISSENTING OPINION
I respectfully disagree with the majority and would sustain the appellant's third assignment of error. I believe that the trial court erred when it granted class certification for the plaintiff-appellee because individual issues of law or fact predominate over any common questions of law of fact as per Civ.R. 23(B)(3).
The majority's opinion concedes that no Ohio court has ever certified a class in a food poisoning case. This is not surprising considering the strict threshold requirements which must be met before a class can be certified. Class certification in Ohio is based upon Rule 23 of the Ohio Rules of Civil Procedure. The Ohio Rule is identical to Rule 23 of the Federal Rule of Civil Procedure. In Warner v. Waste Management, Inc. (1988), 36 Ohio St.3d 91,521 N.E.2d 1091, the Ohio Supreme Court set forth seven elements for a class to be certified.
In determining whether a class action is properly certified, the first step is to ascertain whether the threshold requirements of Civ.R. 23(A) have been met. Once those requirements are established, the trial court must turn to Civ.R. 23(B) to discern whether the purported class comports with the factors specified therein. Accordingly, before a class may be certified as a class action, a trial court must make seven affirmative findings.Warner, supra, 36 Ohio St.3d 91, 521 N.E.2d 1091, at paragraph one of the syllabus. Five prerequisites are explicitly set forth in Civ.R. 23, while two prerequisites are implicit in the rule. Id. The two implicit prerequisites are that, (1) the class must be identifiable and unambiguous defined, and (2) that the class representatives must be members of the class. Id. at 96. The four delineated prerequisites in Civ.R. 23(A) include the following:
 (1) the class is so numerous that joinder of all members is impracticable,
 (2) there are questions of law or fact common to the class,
 (3) the claims or defenses of the representative parties are typical of the claims and defenses of the class, and
 (4) the representative parties will fairly and adequately protect the interests of the class.
Id. at 97, quoting Civ.R. 23(A).
Finally, the trial court must also find that one of the three Civ.R. 23(B) requirements is met before the class may be certified.Id. at 94, see, also, Hamilton v. Ohio Savings Bank (1998),82 Ohio St.3d 67, 71. If the class movant fails to meet one of these requirements, class certification must be denied.
Civ.R. 23(B)(3) requires that the questions of law or fact to the members of the class predominate over any questions effecting individual members. As stated in Hamilton, Civ.R. 23(B)(3) provides that an action may be maintained as a class action if, in addition to the prerequisites of subdivision (a), the court finds that the questions of law or fact, to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair, efficient adjudication of the controversy. Id. at 79-80.
The matters pertinent to the findings include:
 (a) the interest of members of the class and individually in controlling the prosecution of defense of separate actions;
 (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class;
 (c) the desirability or undesirability of concentrating the litigation of the claims in a particular forum;
 (d) the difficulties likely encountered in the management of the class action.
In order to satisfy the predominance requirement, the plaintiff-appellee must show that the common question of law and fact represent a significant aspect of the class and are capable of resolution for all members of the class in a single adjudication.Shaver v. Standard Oil Co. (1990), 68 Ohio App.3d 783, 799.
When the appropriate analysis is conducted in the instant case, it is clear that the plaintiff-appellee has failed to meet the requirements of Civ.R. 23(B)(3) and, as such, class certification should be denied. The plaintiff-appellee in her motion for class certification merely recited the requirements of Civ.R. 23(B) and did not include any analysis whatsoever. The mere assertion that common issues of law or fact predominate does not satisfy the express requirements under the rule. As the court inWaldo v. North American Van Lines, Inc. stated:
 [it] is not simply a matter of numbering the questions in the case, labeling them as common or diverse, and then counting them * * *. It involves a sophisticated and necessarily judgmental appraisal of the future course of litigation * * *.
102 F.R.D. 807 (W.D.Pa. 1984).
Where the circumstances of each proposed class member need to be analyzed to prove the elements of the claim of defense, then individual issues would predominate and class certification would be inappropriate. Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 310,314.
When the required analysis is conducted, it is clear that common issues of law and fact do not predominate in this case. First, assuming that notice can be provided on a national basis and assuming that the symptoms of food poisoning have already manifested themselves on each class member, there remain numerous individualized questions concerning whether any class member can prevail. The court would be forced to analyze each proposed class member's claim that he was in the defendant-appellant's restaurant during the time asserted by the plaintiff. The court would have to review and analyze the issues of proximate cause and pre-existing conditions for each class member. The court would also be faced with numerous other individualized issues regarding whether each class member is entitled to recovery in light of their own course of conduct, and the individualized damages alleged by each class member will need to be proven independently of those of the class as a whole. There also exist several fact questions regarding proximate cause and damages as they relate to the individual plaintifs.
In the case at hand, the plaintiff-appellee has fallen short in meeting her burden of providing a sufficiently sophisticated and necessary appraisal of the future cost of litigation. The extent of the impact on each purported class member and length of time the member suffered the effects of the alleged food poisoning requires an analysis of each individual's circumstances. This is not the type of action where damages may be ascertained by the application of a simple mathematical formula. See Hamilton, 82 Ohio St.3d 81
-82.
Consequently, the predominance of individualized factual questions renders this case unsuitable for class treatment. Therefore, a class action is neither superior to other forms of adjudication, nor sufficiently definite to be administratively feasible.
I would, therefore, sustain the appellant's third assignment of error and remand this matter to the trial court for further proceedings.