[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
The defendants, Zaring National Corporation and Zaring Homes, Inc., and the third-party defendants, Liberty Insulation Company, Western Building Products, n.k.a. Builders Firstsource Ohio Valley, Inc., Cirildo's Masonry Construction, Casler, Tokarsky Associates, Inc., The Omni Group, Inc., and Harry Sheldon, d.b.a. Do-Rite Painting, appeal from the trial court's judgment granting the motion of plaintiffs, Felix and Wanda Martinez, Davis and Donna Kramer, Don and Darlene Hust, and Michael and Kimberly Collins, for class certification pursuant to Civ.R. 23. We affirm the judgment.
When the trial court granted the motion for class certification, it defined the class as "all of those persons who purchased a single-family home in the White Blossom subdivision in Warren County, Mason, Ohio from Zaring Homes, Inc., Zaring National Corporation, or one of their affiliates or related entities." The court further ordered that the named plaintiffs in the action were the designated representatives of the class.
A trial court has broad discretion in determining whether a class action may be maintained, and its determination will not be disturbed without a showing of an abuse of discretion.[2] "Abuse of discretion has been defined as more than an error of law or judgment; it implies an attitude on the part of the trial court that is unreasonable, arbitrary, or unconscionable."[3] "[W]hile a trial court's determination concerning class certification is subject to appellate review on an abuse-of-discretion standard, due deference must be given to the trial court's decision."[4]
Civ.R. 23 requires a trial court to make seven affirmative findings before a case may be certified as a class action.[5] The two implicit prerequisites of Civ.R. 23 are (1) that an unambiguous, identifiable class exist; and (2) that the class representatives be members of the class.[6]
In this case, we cannot say that the trial court abused its discretion in determining that both criteria had been met where the named representatives were persons who had purchased single-family homes within Zaring's White Blossom subdivision, and where its definition of the class was unambiguous and identifiable.
The trial court also determined that the four explicit requirements of Civ.R. 23(A) had been satisfied. These requirements are as follows:
 (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.
 In construing the numerosity requirement, "courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis."[7] In this case, where close to 200 homes were included in the class, the plaintiffs satisfied the numerosity requirement.
The commonality requirement has been construed to require a "common nucleus of operative facts."[8] "Although there may be differing factual and legal issues, such differences do not enter into the analysis until the court begins to consider the Civ.R. 23(B)(3) requirement of predominance and superiority."[9] Here, where all of the claims stemmed from mold and moisture problems within homes in the subdivision, the plaintiffs satisfied the commonality requirement.
The typicality requirement "is met where there is no express conflict between the representative party and the class."[10] "Similarly, a representative is deemed adequate so long as his or her interest is not antagonistic to that of other class members."[11] Because the record demonstrates no conflict between the interests of the representatives and the other class members, and the claims of the representatives were typical of the claims of the other class members, the plaintiffs satisfied both the typicality and the adequacy requirements.
Civ.R. 23(B)(3) provides that a class action may be maintained if two requirements are met: (1) questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and (2) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. To determine whether common questions of law or fact predominate over individual issues, "it is not sufficient that common questions merely exist; rather, the common questions must represent a significant aspect of the case and they must be able to be resolved for all members of the class in a single adjudication."[12]
In this case, the questions of law and fact common to the class members arose from similar mold and moisture problems allegedly caused by the defective design and construction of their homes. As a remedy for these problems, Zaring had proposed the same passive venting solution. It is apparent that "the efficiency and economy of common adjudication outweigh[ed] the difficulties and complexity of individual treatment of class members' claims."[13] Accordingly, we cannot say that the trial court abused its discretion in granting the plaintiffs' motion to certify the class action.
Therefore, the judgment of the trial court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Painter, P.J., Hildebrandt and Winkler, JJ.
[2] See Marks v. C.P. Chemical Co., Inc. (1987), 31 Ohio St.3d 200,509 N.E.2d 1249.
[3] Id. at 201, 509 N.E.2d 1249, citing Ojalvo v. Bd. of Trustees ofOhio State Univ. (1984), 12 Ohio St.3d 230, 232, 466 N.E.2d 875, andState v. Adams (1980), 62 Ohio St.2d 151, 157, 404 N.E.2d 144.
[4] Id. at 201, 509 N.E.2d 1249.
[5] Warner v. Waste Mgmt., Inc. (1988), 36 Ohio St.3d 91, 94,521 N.E.2d 1091.
[6] Id. at 96, 521 N.E.2d 1091.
[7] Id. at 97, 521 N.E.2d 1091.
[8] Marks, supra, at 202, 509 N.E.2d 1249.
[9] Id.
[10] Id.
[11] Hamilton v. Ohio Savings Bank, 82 Ohio St.3d 67, 77-78,1998-Ohio-365, 694 N.E.2d 442.
[12] Schmidt v. Avco Corp. (1984), 15 Ohio St.3d 210, 313,473 N.E.2d 822.
[13] Warner, supra, at 96, 521 N.E.2d 1091, citing Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977), at 49.