JOURNAL ENTRY and OPINION
{¶ 1} Plaintiffs-appellants appeal from the decision of the Court of Common Pleas denying their motion to certify a class in their lawsuit against Brush Wellman, Inc. (Brush) seeking monetary damages as well as medical monitoring and surveillance of former employees potentially exposed to beryllium, a toxin which may cause severe illness or death. Brush assigns the following as error for our review:
 {¶ 2} "The trial court abused its discretion when it denied the plaintiffs-appellants' motion to certify the litigation as a class action."
 {¶ 3} Having reviewed the record and pertinent law, we reverse the decision of the trial court; we remand this matter for proceedings consistent with this opinion. The apposite facts follow.
 {¶ 4} Plaintiffs-appellants are seven former workers at Brush's Elmore, Ohio plant. During the course of their employment, these employees were exposed to various levels of beryllium dust and fumes. On February 2, 2000, plaintiffs-appellants filed their complaint asserting Brush failed to warn them about the dangers of beryllium, failed to warn them of the levels of beryllium, failed to provide them with a safe place of employment, and refused to provide them with an ongoing program of medical monitoring.
 {¶ 5} The plaintiffs-appellants seek class certification of "all persons who were members of local unions that comprise the Northwestern Ohio Building and Construction Trades Council and who worked at Defendant's Elmore Plant for any period of time between its opening in 1953 and December 31, 1999."
 {¶ 6} The trial court denied class certification finding the complaint failed to satisfy all requirements of Civ.R. 23. This appeal followed.
 {¶ 7} Our standard of review is in Marks v. C.P. Chemical Co.,Inc.[1] in which the Ohio Supreme Court held "[a] trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent * * * an abuse of discretion."[2] Application of the abuse of discretion standard "is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket."[3] Nonetheless, as the term "abuse of discretion" implies, the trial court's decision whether to certify a class action is not unbridled. The trial court must "carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ.R. 23 have been satisfied."[4]
 {¶ 8} "The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing [* * *] considerations. In order to have an abuse of that choice, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias."[5]
 {¶ 9} A trial judge may certify a class action under Civ.R. 23 only if the following criteria are satisfied: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class is so numerous that joinder of all members is impracticable; (4) there are questions of law or fact common to the class; (5) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (6) the representative parties will fairly and adequately protect the interests of the class; and (7) at least one of three Civ.R. 23(B) requirements are met.[6]
 {¶ 10} Here, the trial court found the plaintiffs-appellants' case satisfied all criteria except the last. Thus, our analysis centers on whether the trial court abused its discretion by holding that the Civ.R. 23(B) requirements were not met.
 {¶ 11} We start, and end, our analysis with Civ.R. 23(B)(2) as we determine the trial court erred by finding this criteria absent.
 {¶ 12} Civ.R. 23(B)(2) provides for class actions where "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." The primary application of Civ.R. 23(B)(2) is where injunctive or declaratory relief is sought.[7] In Zinser v. Accufix ResearchInstitute, Inc., the U.S. Court of Appeals for the Ninth Circuit decided that a plaintiff seeking "the establishment of a reserve fund for past and future damages, compensation for future medical treatment, plus other compensatory and punitive damages" did not satisfy Fed.R.Civ.P. 23(b).[8]
The court held, "Although the complaint also seeks `full and proper research into alternative methodologies for remedying the condition of each patient/class member,' this injunctive relief is merely incidental to the primary claim for money damages."[9]
 {¶ 13} "Courts have split on whether medical monitoring relief is primarily compensatory or injunctive."[10] Thus, the dispositive question in resolving whether Civ.R. 23(B)(2) certification is appropriate is: what type of relief do the plaintiffs primarily seek?[11]
 {¶ 14} Here, plaintiffs-appellants seek "to compel Defendant by compensatory relief or injunctive or other equitable relief to establish a fund for medical surveillance and screening." While plaintiffs-appellants also seek monetary damages, their primary interest in establishing a fund to provide class members with necessary medical surveillance and screening for beryllium exposure is injunctive in nature. According to plaintiffs-appellants, Brush established a program to medically monitor its current employees for beryllium exposure. Plaintiffs-appellants simply request the establishment of a similar program for their proposed class. Their request for monetary damages is merely incidental to their primary claim for injunctive relief.
 {¶ 15} Further, "If the Rule 23(a) prerequisites have been met and injunctive or declaratory relief has been requested, the action usually should be allowed to proceed under subdivision (b)(2). Those aspects of the case not falling within Rule 23(b)(2) should be treated as incidental."[12] Here, plaintiffs-appellants' claim for damages is incidental to their primary claim for injunctive relief, and, as the trial court held, plaintiffs-appellants satisfied all elements of Civ.R. 23(A). Accordingly, the class may be certified under Civ.R. 23(B)(2), and plaintiffs-appellants' assigned error has merit.
 {¶ 16} We reverse the trial court's judgment and remand this cause to the trial court for proceedings consistent with this opinion.
Judgment reversed and remanded.
This cause is reversed and remanded.
It is, therefore, considered that said appellants recover of said appellee their costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, J., CONCUR; MICHAEL J. CORRIGAN, P.J., DISSENTS; (SEEATTACHED DISSENTING OPINION.)
[1] (1987), 31 Ohio St.3d 200.
[2] Id. at the syllabus.
[3] Hamilton v. Ohio Savings Bank (1998), 82 Ohio St.3d 67, 70, citingMarks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200.
[4] Hamilton at 70. (Citations omitted).
[5] Nakoff v. Fairview General Hospital (1996), 75 Ohio St.3d 254,256-257.
[6] Civ.R. 23(A) and (B); Hamilton, citing Warner v. Waste Mgt., Inc.
(1998), 36 Ohio St.3d 91.
[7] Zinser v. Accufix Research Institute, Inc., 253 F.3d 1180, 1195
(9th Cir. 2001).
[8] Fed.R.Civ.P. 23(b) is identical in wording to Ohio's Civ.R. 23(B).
[9] Zinser at 1196.
[10] Id. citing Boughton v. Cotter Corp., 65 F.3d 823, 827 (10th Cir. 1995) (although certification of medical monitoring class under Rule 23(b)(2) is legally permissible, district court did not abuse its discretion in refusing to certify such a class where the relief sought was primarily money damages); Cook v. Rockwell Int'l Corp.,181 F.R.D. 473, 479-80 (D.Colo. 1998) (even where relief sought was diagnostic testing and medical screening necessary to facilitate early detection and treatment of disease, rather than damages for past, present, or future injury, such relief was primarily a suit for damages); Arch v. Am.Tobacco Co., 175 F.R.D. 469, 483-85 (E.D.Pa. 1997) (Rule 23(b)(2) certification inappropriate where plaintiffs' medical monitoring program included not only periodic examinations but also a fund for treatment because the "request for treatment drastically alters the nature of the relief requested by plaintiffs . . . [making it] identical to a traditional damage claim for personal injury"); Haley v. Medtronic,Inc., 169 F.R.D. 643, 657 (N.D.Cal. 1996) (Rule 23(b)(2) certification improper for class seeking medical monitoring program and damages because medical monitoring, while not incidental to action for monetary damages, was not primary goal). Compare Yslava v. Hughes Aircraft Co.,845 F. Supp. 705, 708, 712 (D.Ariz. 1993) (certifying class for court-supervised medical monitoring program to detect disease when damages sought were for medical monitoring costs incurred, rather than other compensatory and punitive damages); Craft v. Vanderbilt Univ.,174 F.R.D. 396, 406 (M.D.Tenn. 1996) (noting authority supporting proposition that "medical monitoring, if properly framed, can be a form of injunctive relief.").
[11] Zinser at 1195.
[12] Hamilton at 87, quoting Wright, Arthur R. Miller Mary Kay Kane, Federal Practice and Procedure (2 Ed. 1986) 470, Section 1775. (Referring to the analogous Fed.R.Civ.P 23(a) and (b)).