OPINION
{¶ 1} Defendant-appellant, Becton Dickinson Co. ("Becton") appeals from a judgment of the Franklin County Court of Common Pleas granting certification of a class action pursuant to Civ.R. 23(A) and (B) in favor of plaintiff-appellee, Vicki L. Grant, the proposed class representative.
 {¶ 2} This matter is before us for the second time on the certification issue. The facts and posture of the case were extensively developed in our prior decision, Grant v. BectonDickinson Co., Franklin App. No. 02AP-894, 2003-Ohio-2826 ("Becton I"), and will not be unnecessarily reiterated here.
 {¶ 3} Becton is a manufacturer and marketer of syringe needles and other hollow-bore needle devices used in medical treatment for injection or blood collection. The devices at issue in the present case do not incorporate a mechanism or design to protect or sheath the exposed needle immediately after use. This omission, which is remedied in certain more recent lines of comparable products, allegedly creates an unreasonably high risk of "secondary" needle sticks to the healthcare professional utilizing the unprotected device. The plaintiff class as originally proposed included healthcare workers who had suffered accidental needle sticks with any of the many varieties of unprotected "syringe needles or other fixed exposed hollow-bore needle devices" manufactured by Becton, had been exposed thereby to risk of contamination by patients' blood or bodily fluids, had required testing for possible disease transmission, but had not in fact contracted a transmissible disease.
 {¶ 4} While in Becton I we upheld most of the trial court's analysis and conclusions addressing the prerequisites of Civ.R. 23 as applied by the Supreme Court of Ohio in Hamilton v. OhioSav. Bank (1998), 82 Ohio St.3d 67, we found that including all varieties of Becton products without distinction in a common class created too broad a variance within the class and between product types for which the risk/benefit analysis of alternative feasible designs would vary. We held that this variance precluded the proposed class from meeting the requirement of commonality under Civ.R. 23 and Hamilton. Becton I, at ¶ 42-45. We accordingly, after affirming the majority of the trial court's determinations under the Hamilton factors, remanded the matter to the court of common pleas "for a determination, within the trial court's discretion, of whether the class can be separated into appropriate subclasses, limited to a class of persons using devices comparable to that which injured Grant, otherwise redefined in accordance with this opinion, or whether the action must be dismissed." Id. at ¶ 67.
 {¶ 5} The trial court has now entered an order certifying a class that attempts to comply with our decision in Becton I by creating six groups of Becton products to permit individualized risk/benefit analysis as to various product designs and intended uses. Becton has timely appealed and brings the following sole assignment of error:
THE TRIAL COURT ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S RENEWED MOTION FOR CLASS CERTIFICATION.
 {¶ 6} The trial court has broad discretion in determining whether a class action may be maintained. Marks v. CP ChemicalCo. (1987), 31 Ohio St.3d 200, syllabus. That determination will not be reversed without a showing that the trial court abused its discretion in certifying the class. Id. The trial court, however, must scrupulously apply the class action requirement set forth in Civ.R. 23 and conduct a full analysis into whether the prerequisites of the rule are met. Hamilton, supra, at 70. Civ.R. 23(A) specifies four prerequisites to a class action:
One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defense of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Civ. R. 23(B) further sets forth the types of class actions that may be maintained once the prerequisites of Civ.R. 23(A) are met:
An action may be maintained as a class action if the prerequisites of subdivision (A) are satisfied, and in addition:
(1) the prosecution of separate actions by or against individual members of the class would create a risk of
(a) inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the party opposing the class; or
(b) adjudications with respect to individual members of the class which would as a practical matter be dispositive of the interest of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests; or
(2) the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole; or
(3) the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The matters pertinent to the findings include: (a) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (c) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; (d) the difficulties likely to be encountered in the management of a class action.
 {¶ 7} The Supreme Court of Ohio, in Hamilton, summarized the requirements to maintain a class action under Civ.R. 23, as follows:
The following seven requirements must be satisfied before an action may be maintained as a class action under Civ.R. 23: (1) an identifiable class must exist and the definition of the class must be unambiguous; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class; (6) the representative parties must fairly and adequately protect the interest of the class; and (7) one of the three Civ.R. 23(B) requirements must be met. Civ.R. 23(A) and (B); Warner v. Waste Mgt., Inc. (1988),36 Ohio St.3d 91, 521 N.E.2d 1091.
Id. at 71.
 {¶ 8} In the present case, plaintiffs seek to certify the class under Civ.R. 23(B)(3), requiring that "questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy."
 {¶ 9} Our prior decision reversed in part the trial court's certification of a class because we found that this action involved appreciably different product types "presenting a wide variation in risks and benefits" that did not satisfy the commonality requirement of Civ.R. 23(A)(2) or the predominance requirement of Civ.R. 23(B)(3). We otherwise found that the other arguments raised by Becton in opposition to certification of the class did not demonstrate an abuse of discretion on the part of the trial court, and that the other elements of Hamilton and Civ.R. 23(A) and (B) were met. Our decision was not appealed to the Supreme Court of Ohio, and therefore stands as the law of the case both with respect to those aspects of the trial court's initial class certification that we affirmed, and those that we reversed.
 {¶ 10} Upon remand, the trial court has again certified essentially the identical class, excluding only one type of blood collection device ("butterfly" needles) and classifying the balance of Becton's many different device types into six "groups."
 {¶ 11} We find that the trial court has not addressed in its re-certification of the class any of the concerns raised in our prior decision. The range of blood-collection and injection devices manufactured and marketed by Becton is not appreciably narrowed by the exclusion of "butterfly" needles. The separation of the remaining device types into six "groups," collectively still represented by the same counsel and the same class representative, does nothing to alleviate the commonality and typicality concerns raised in our prior decision:
* * * While Becton's experts disputed the availability or practicality of these [device safety] improvements, we do find that there was sufficient evidence from which the trial court could conclude that needle safety devices existed, at least in design or prototype, for all of the various devices described. However, this is only one aspect of the risk/utility test. The cost and feasibility of incorporating these proposed safety devices into the different Becton products at issue would vary widely, all experts agreed, depending upon the different functions and applications of the various hollow-bore needle products, and the necessarily different designs and intended conditions of utilization involved therewith. Thus, the question of whether there was a "practical and technically feasible alternative design" that "would have prevented the harm," R.C.2307.75(F) would become an excessively individualized question varying from product to product in the present case. It is not the simple existence of safer designs, but their effect for each product on the risk/benefit test, that is determinative.
Becton I, at ¶ 43.
 {¶ 12} The trial court on remand, however, has not addressed our concerns regarding the varying risk/benefit analysis for different types of hollow-bore needle devices, undermining both the commonality of questions presented by the claims of class plaintiffs suffering sticks from different types of devices and the typicality of the proposed class representative, who was injured using a single type of syringe. Instead, the trial court has reverted to its prior determination finding commonality based upon the simple fact that all included Becton products present a hollow-bore needle that is unprotected after use. The trial court's latest decision, therefore, presents an abuse of discretion both because it reincorporates the same objectionable class characteristics and disregards the clear law of the case as set forth by this court in Becton I.
 {¶ 13} We therefore find that the trial court's decision certifying the class in this case must again be reversed, and Becton's sole assignment of error is sustained to the extent that the trial court has failed to address the grounds for reversal set forth in our prior decision. To the extent that Becton attempts to reargue in this appeal various other grounds under which the proposed class fails to meet requirements for a class action, e.g., proximate causation of injury, commonality of damages, availability of individualized defenses, and all other aspects of the class action requirements that were examined in our prior decision, the assignment of error is overruled. The judgment of the Franklin County Court of Common Pleas is reversed, and this matter is remanded to that court for further proceedings in accordance with our prior decision in Becton I
and this decision.
Judgment affirmed in part, reversed in part, and causeremanded.
BRYANT and FRENCH, JJ., concur.