Mary Eileen Kilbane,
Administrative Judge, dissenting.
{¶ 29} I respectfully dissent. I would find that the appellant has established an identifiable class.
{¶ 30} The majority concludes that appellant’s class definition is overly broad because appellant includes “all account holders who were charged interest or finance charges for any reason, even if the charged interest or finance charges were unrelated to the alleged improper account practices relating to promotional purchases.” The majority found that this definition would require the trial court to conduct an individualized inquiry with respect to each account.
{¶ 31} However, “Civ.R. 23 does not require a class certification to identify the specific individuals who are members[,] so long as the certification provides a means to identify such persons.” Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 63, 556 N.E.2d 157, citing 7A Wright, Miller & Kane, Federal Practice & Procedure (1986), Section 1760 at 115, 118; Warner v. Waste Mgt, Inc. (1988), 36 Ohio St.3d 91, 96, 521 N.E.2d 1091. Rather, “[t]he focus at this stage is on how the class is defined. ‘The test is whether the means is specified at the time of certification to determine whether a particular individual is a member of the class.’ Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho (1990), 52 Ohio St.3d 56, 63, 556 N.E.2d 157, 165. The question as to whether there are differing factual and legal issues ‘do[es] not enter into the analysis until the court begins to consider the Civ.R. 23(B)(3) requirement of predominance and superiority.’ [Marks, 31 Ohio St.3d at 202, 509 N.E.2d 1249.]” Hamilton, 82 Ohio St.3d at 73, 694 N.E.2d 442.
*255 {¶ 32} In Hamilton, the plaintiffs sought certification with respect to groups of bank customers who had obtained mortgage loans from the defendant-bank and had been charged interest at rates other than those set forth in the loan agreements. The proposed classes were defined in terms of the charges imposed on customers. The bank argued that the proposed class definition was indefinite because it would be necessary to make individual inquiries about each individual class member’s subjective intent and awareness of his or her loan terms in order to determine whether the individual was part of the class. The Ohio Supreme Court rejected this argument, finding that “[i]t is difficult to accept that individual knowledge inquiries are required to determine class membership in this case, when [the defendant-bank] was able to ascertain, with a reasonable effort, two thousand seven hundred prospective class members without inquiring as to then-knowledge or understanding of the terms of their agreements.” Id. at 74.
{¶ 33} Likewise, in the instant case, the trial court need only look to Best Buy’s records of the names, addresses, and transaction details for each class member to determine whether an individual is a member of appellant’s proposed class. See also Washington v. Spitzer Mgt., Inc., Cuyahoga App. No. 81612, 2003-Ohio-1735, 2003 WL 1759617. Rose Kirby of Bank One confirmed at her deposition that the class members could be identified by their existing computerized records, which included statement data. A review of appellant’s second amended complaint includes only persons who made the promotional purchases and were denied the benefit of the same-as-cash nature of the promised promotion. This is also reiterated in appellant’s brief in support of class certification, which demonstrates that the case arises from Best Buy and Bank One improperly charging cardholders interest or finance charges.
{¶ 34} Furthermore, this court in Maestle v. Best Buy Co., Cuyahoga App. No. 79827, 2005-Ohio-4120, 2005 WL 1907282, ¶ 3, previously explained the scope of the class, stating that appellant’s class action stems “from a ‘no interest’ financing allegedly offered by Bank One to qualifying Best Buy customers. The complaint alleges that appellees were improperly assessed finance and interest charges on their Best Buy credit cards issued by Bank One.” Therefore, I would find that it is administratively feasible to determine whether someone is a member of this class. See Konarzewski v. Ganley, Inc., Cuyahoga App. No. 92623, 2009-Ohio-5827, 2009 WL 3649787, ¶ 19.
{¶ 35} Moreover, “ ‘[t]he policy at the very core of the class action mechanism is to overcome the problem that small recoveries do not provide the incentive for any individual to bring a solo action prosecuting his or her rights. A class action solves this problem by aggregating the relatively paltry potential recoveries into something worth someone’s (usually an attorney’s) labor.’ [Amchem Prods., Inc. *256 v. Windsor (1997), 521 U.S. 591, 117 S.Ct. 2231, 138 L.Ed.2d 689], quoting Mace v. Van Ru Credit Corp. (C.A.7, 1997), 109 F.3d 338, 344.” Here, each cardholder’s damages are less than $50. Thus, “[c]lass action treatment would eliminate any potential danger of varying or inconsistent judgments, while providing a forum for the vindication of rights of groups of people who individually would be without effective strength to litigate their claims.” Hamilton, 82 Ohio St.3d at 80, 694 N.E.2d 442.
{¶ 36} Accordingly, I would reverse the judgment of the trial court.