OPINION
Defendants/counterclaimants-appellants Larry and Kimberley Burkhart appeal the April 26, 2001 Judgment Entry of the Morgan County Court of Common Pleas which overruled appellants' motion to certify a class action. Plaintiff-appellee is Elsea Financial Services, Inc., dba Mid-Ohio Financial Services.
 STATEMENT OF THE CASE AND FACTS
In the Spring of 1998, appellants purchased a manufactured home from appellee. Unfortunately, the parties experienced a number of problems with the sale and subsequent set-up of the home.
Initially, the home had been involved in an accident during delivery from the manufacturer to appellee's lot, suffering minor damage. After repair of the damage, delivery was delayed and appellants made their own arrangements to move the home to their site. Appellants allege appellee failed to provide set-up and warranty service on the home in a timely, proper, and workmanlike manner. As of the date of the hearing, appellants still experienced difficulties with the plumbing in the bathroom, the heating vents, and certain areas of flooring. Appellants also allege the foundation of the home was not level, which caused problems with the doors. Appellants further allege appellee's subcontractor damaged the home while attempting to level the structure.
In August, 1998, appellants began withholding payment, on advise of counsel, until appellee paid for the installation of the septic system pursuant to the agreement of the parties. Appellants allege appellee began to refuse any further contact with appellants in November, 1998, even though most of the serious defects remained unrepaired at that time. Accordingly, appellants refused to make further payments on the contract.
On May 8, 2000, appellee filed a complaint against appellants for the amount then due on the retail installment sales contract, and the home which secured the loan. Appellants filed an Answer and Counterclaim. The Counterclaim included a request a class be certified of "all persons subjected to collection activity by [appellee] arising from the purchase of a manufactured home from [appellee] for use as a personal residence at any time on or after May 1, 2000."[1]
In their Counterclaim, appellants assert appellee failed to set-up the home in a proper and workmanlike manner, and negligently repaired defects in the home. Further, appellants assert appellee violated the Federal Truth and Lending Act, and the Ohio Consumers Sales Practices Act. Appellants requested specific performance and declaratory judgment of the illegality of appellee's policy and practice. On August 9, 2000, appellee filed a timely answer to appellants' counterclaims. On February 2, 2001, appellants filed their motion for class certification. On March 23, 2001, the trial court conducted a hearing on the motion. Both parties filed post hearing memoranda.
In an April 26, 2001 Judgment Entry, the trial court denied appellants' motion for class certification stating:
 After consideration of the evidence and the briefs, the Court finds that the Defendants have failed to establish by a preponderance of the evidence that the class is so numerous that this matter should be set for trial as a class action. The Court further finds that common questions of law or fact do not necessarily exist as to all members of the purported class and that claims or defenses of the representative parties are not typical of all claims or defense of the class.
It is from this judgment entry appellants prosecute this appeal, assigning the following error:
 IN DENYING CERTIFICATION OF THE COUNTERCLAIMS CLASS, THE TRIAL COURT USED THE WRONG LEGAL STANDARD AND MISAPPLIED THE CORRECT STANDARDS TO UNCONTROVERTED FACTS. CONSEQUENTLY, THE TRIAL COURT ACTED ARBITRARILY, AND IN ABUSE OF ITS DISCRETION, BY DENYING DEFENDANTS' MOTION TOP CERTIFY A COUNTERCLAIMS CLASS.
This case comes to us on the accelerated calender. App. R. 11.1, which governs accelerated calender cases, provides, in pertinent part:
 (E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form.
 The decision may be by judgment entry in which case it will not be published in any form.
This appeal shall be considered in accordance with the aforementioned rule.
 I
In their sole assignment of error, appellants maintain the trial court erred in denying certification of the counterclaim class. Specifically, appellants allege the trial court used the wrong legal standard and misapplied the correct standard to uncontroverted facts. We disagree.
"A trial judge has broad discretion in determining whether a class action may be maintained and that determination will not be disturbed absent a showing of an abuse of discretion."[2] In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.[3] We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
The appropriateness of applying the abuse of discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case management problems, and the trial court's inherent power to manage its own docket.[4] However, the trial court's discretion in deciding whether to certify a class action is bounded by, and must be exercised within the framework of Civ. R. 23.[5] "The trial court is required to carefully apply the class action requirements and conduct a rigorous analysis into whether the prerequisites of Civ. R. 23 have been satisfied.[6]
In order to be certified as a class action, a case must meet seven prerequisites, two of which are implicitly required by Civ. R. 23, and five others which are expressly set forth therein.[7] These seven prerequisites are: (1) existence of an identifiable class; (2) class membership of the representatives; (3) numerosity; (4) commonality; (5) typicality; (6) adequacy; and (7) one prerequisite of Civ. R. 23(B) (1)-(3). Civ. R. 23(A) and (B). The party bringing a suit bears the burden of proving a suit should be certified as a class action.[8]
Failure to satisfy any one of the prerequisites required by Civ. R. 23 results in a denial of certification.[9]
Appellants maintain the trial court failed to provide specific findings and a fully articulated rational as to each Civ. R. 23 factor to support its denial of class certification. There is no explicit requirement in Civ. R. 23 for a trial court to make formal findings to support its decision on a motion for class certification. In Hamilton, supra, the Ohio Supreme Court suggested, but did not require, trial courts "make separate written findings as to each of the seven class action requirements, and specify their reasons for each."[10] However, inHamilton, the trial court not only failed to articulate its rational for denying certification, but also failed to note which of the seven class action requirements it found to be lacking.[11] In the matter subjudice, the trial court provided three separate reasons for denial of class certification: numerosity, commonality, and typicality.
Given appellants' unique circumstances concerning damage occasioned by delivery and appellants' specific allegations concerning their claims for negligent repair and unworkmanlike set-up of their home, we find no abuse of discretion in the trial court's denial of appellants' motion for class certification pursuant to Civ. R. 23.
Appellants' sole assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Morgan County Court of Common Pleas is affirmed. Costs assessed to appellants.
Hon. William B. Hoffman, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] Answer and Counterclaim at para. 5.
[2] Marks v. C.P. Chem. Co., Inc. (1987), 31 Ohio St.3d 200.
[3] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
[4] Marks, supra, 31 Ohio St.3d at 201.
[5] Hamilton v. Ohio Sav. Bank, (1998), 82 Ohio St.3d 67, 70.
[6] Id.
[7] Warner v. Waste Management, Inc. (1988), 36 Ohio St.3d 91.
[8] Warner, supra; State v. ex rel. Ogan v. Teater (1978),54 Ohio St.2d 235.
[9] Warner, supra, at 94.
[10] Hamilton, supra, at 70.
[11] Id; Begala v. PNC Bank (April 27, 2001), Hamilton App. No. C-000514, unreported at p. 2.