DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Universal Nursing Services, Inc., appeals the decision of the Summit County Court of Common Pleas granting certification of a class action. We reverse and remand.
 {¶ 2} Appellee, Kimberly Adkins-Bagola (Bagola), was employed as a registered nurse with Appellant from February 1997, until she ended her employment in October of 1999. Appellant, Universal Nursing Services, Inc., (Universal) is in the home health care field and provides medical assistance for persons who are confined to home nursing care facilities. Bagola received certain benefits through her employer, including health insurance. Pursuant to the terms of the insurance agreement, the Universal employees had deductions taken from their pay checks to supplement the cost of insurance.
 {¶ 3} Bagola[1] filed a complaint against Universal on December 15, 1999. She alleged that Universal allowed the medical insurance to lapse, causing her and other Universal employees to incur medical expenses that would have been covered under the insurance policy. She complained that deductions were being taken from her paycheck for periods where she was not covered under the insurance policy. Essentially, she maintains that she was paying for health insurance, but not receiving any benefits from it from May of 1999, until she quit working at Universal in October of 1999.
 {¶ 4} On December 19, 2000, Bagola filed a motion for class certification. Bagola sought to represent past and present Universal employees who were not provided health coverage from May 20, 1999, to November 5, 1999, but who had deductions taken from their paychecks to supplement the cost of the insurance.
 {¶ 5} The trial court held an evidentiary hearing on Bagola's motion to certify the class on September 28, 2001. On March 24, 2004, the trial court issued an order certifying the class as "present and past employees of [Universal] who were paying in whole or in part for group health insurance through regular payroll deductions from May 20, 1999 through November 1, 1999." Universal appeals, asserting one assignment of error for our review.
 ASSIGNMENT OF ERROR
"The lower court abused its discretion and erred to the prejudice of [Universal] when it granted [Bagola's] Motion for Class Certification, because [Bagola] failed to show that the individuals in question fit within the criteria required under 23(a) or 23(b) of the Rules of Civil Procedure."
 {¶ 6} Universal argues that the trial court wrongly granted class certification. Specifically, Universal maintains that class certification was inappropriate because there is no identifiable class, it does not meet the numerosity requirements, the class representative's claim is not typical of the claim of the other class members, and the class does not meet the requirements of Civ.R. 23(B)(1), (2) or (3). We agree.
 {¶ 7} Universal maintained two policies with Anthem Blue Cross and Blue Shield (Anthem) which provided health insurance coverage to its employees. One policy was Code 904, or paraprofessional, and the other was Code 903, or professional category.[2] Bagola's insurance policy was under the Code 904 paraprofessional category offered by Anthem. Employees who wished to be insured had their insurance premiums deducted from their paychecks. Universal supplemented the employee contributions and paid the insurance premiums for both groups to Anthem.
 {¶ 8} Universal's entire business is based upon reimbursements from federal and state government sources, which provides for an unpredictable payment schedule. Many times in the past Universal has paid the insurance premiums late, due to the cash flow problems created by the irregular payment schedule of the government. Universal has had its insurance policies canceled several times in the past due to failure to make timely premium payments, but the policies, prior to November of 1999, had always been reinstated.
 {¶ 9} Universal received a letter from Anthem on May 28, 1999, stating that the premium payment had not been received and Anthem was canceling Universal's insurance policy. Upon receiving the letter, Universal requested reinstatement, which had always been successful in the past. Universal submitted checks for groups 903 and 904 for the insurance premiums, but one of the checks did not clear.[3] Negotiations with Anthem continued for the span of a few months. On November 16, 1999, Anthem advised Universal that it would not reinstate the policy.
 {¶ 10} Universal's Chief Financial Officer personally contacted Anthem and requested reinstatement, which he had done before successfully. He was informed that Anthem would not reinstate the policy. On December 7, 1999, he wrote a letter to the staff informing them that between May 21, 1999, and November 5, 1999, no coverage would be honored by Anthem, but that the company would pay all medical benefits that would have been covered and that all payroll deductions would be terminated immediately.
 {¶ 11} Payroll deductions had continued during the negotiations period from May 21, 1999, until they were ended on November 5, 1999. Medical bills accrued between May 21, 1999, and November 5, 1999, therefore were not paid by Anthem, but, rather, were paid by Universal for the employees who submitted their bills. David Rookard, the chief financial officer of Universal, testified that almost all of the employees submitted bills, and of those who had submitted bills, they were all paid. He testified that Bagola never submitted her medical bills to be paid.
 {¶ 12} Bagola commenced the instant suit to recover the payroll deductions taken for the time period that the Universal employees were not covered by Anthem, and for the medical bills she accrued during that time. She sought to have the case certified as a class action, the class composed of present and past Universal employees who had payroll deductions taken for the period of the insurance lapse. The trial court conducted a hearing and granted class certification. Universal appeals the trial court's decision to grant class certification.
 {¶ 13} A trial judge is given broad discretion when deciding whether to certify a class action. Marks v. C.P. Chem. Co.
(1987), 31 Ohio St.3d 200, syllabus. The decision of the trial judge as to class certification should be affirmed absent a showing of an abuse of discretion. Baughman v. State Farm Mut.Auto Ins. Co. (2000), 88 Ohio St.3d 480, 483. However, "[t]he trial court's discretion in deciding whether to certify a class action is not unlimited, and indeed is bounded by and must be exercised within the framework of Civ.R. 23." Hamilton v. OhioSav. Bank (1998), 82 Ohio St.3d 67, 70.
 {¶ 14} Before a trial court grants class certification, it must find that the requirements of Civ.R. 23(A) have been met and that the class fits within one of the Civ.R. 23(B) categories.Planned Parenthood Assn. of Cincinnati, Inc. v. Project Jericho
(1990), 52 Ohio St.3d 56, 63. Under Civ.R.23, the court must find that two implicit and four explicit requirements have been met for a class action to be maintained: (1) An identifiable class must exist and the definition of the class must be unambiguous; (2) The named representatives must be members of the class; (3) The class must be so numerous that joinder of all members is impracticable; (4) There must be questions of law or fact common to the class; (5) The claims and defenses of the representative parties must be typical of the claims or defenses of the class; (6) The representative parties must fairly and adequately protect the interests of the class. Warner v. Waste Mgmt., Inc. (1988),36 Ohio St.3d 91, 96-98. Additionally, the trial court must find that one of the three Civ.R. 23(B) category requirements have been met before certifying a class. Id. at 94.
 {¶ 15} Universal asserts that the trial court erred in certifying the class because the class fails to meet the numerosity requirements. Civ.R. 23(A)(1) requires plaintiffs to demonstrate that "the class is so numerous that joinder of all members is impracticable." In construing the numerosity requirement, courts have not set forth specific numerical limits; subclasses have been certified with as few as twenty-three members. Basile v. Merrill Lynch, Pierce, Fenner Smith, Inc.
(S.D. Ohio 1985), 105 F.R.D. 506, 508.
 {¶ 16} The Supreme Court of Ohio addressed the numerosity requirement, noting that courts have not made exact specifications on the size limits for a class action. "If the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity probably is lacking; if the class has between twenty-five and forty, there is no automatic rule[.]" Warner,36 Ohio St.3d at 97, quoting Miller, An Overview of Federal Class Actions: Past, Present and Future (2 Ed. 1977) 22.
 {¶ 17} In oral argument, both Universal and Bagola agreed that the class Bagola was seeking to represent consisted of approximately 10 members. Bagola's attorney sent out a letter to the proposed member of the class Bagola sought to represent. He stated that: "in response to said letter nine past and present employees contacted the Affiant * * * and all indicated their desire to be included as part of a Class Action."
 {¶ 18} Bagola has not been able to demonstrate that more than ten individuals will participate in the class action as of the date of the oral argument in this court. "The mere `possibility' that members of a class exist is insufficient. Rather, the movant must provide evidence that a number of people have been harmed by the nonmovant's actions." (Internal Citations omitted.) Mundellv. Landstyles (Sept. 6, 2001), 8th Dist. No. 78829. Bagola has pointed to fewer than ten individuals who have been harmed by Universal's actions.
 {¶ 19} We do not find that Bagola has shown that the members of her proposed class are so numerous that it is impracticable to bring them all before the court. In a class that consists of approximately ten members, we cannot say that joinder is impracticable. We find, therefore, that the requirements of Civ.R. 23(A) have not been met and it was in error for the trial court to certify the class.
 {¶ 20} A court may properly certify a class only if it finds, by a preponderance of the evidence, that the class meets the Civ.R. 23(A) requirements, which include finding that the class is so numerous that joinder is impracticable. See Hamilton,82 Ohio St.3d at 70, Warner, 36 Ohio St.3d 91. In this case, one of the prerequisites of Civ.R. 23(A) was not met; Appellee has not established the numerocity requirement by a preponderance of the evidence. Therefore, the class is not properly certifiable. The trial court abused its discretion in certifying this class. Universal's assignment of error is sustained.
 {¶ 21} We sustain Universal's assignment of error, reverse the decision of the Summit County Court of Common Pleas, and remand for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellees.
Exceptions.
Batchelder, J. Concurs.
Carr, P.J. Dissents, Saying:
 {¶ 22} I respectfully dissent. This Court's standard of review is abuse of discretion. I cannot say the trial court abused its discretion in certifying a class action here. As the Supreme Court of Ohio stated in Hamilton v. Ohio Sav. Bank
(1998), 82 Ohio St.3d 67, 70:
"[T]he appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket."
Moreover, the trial court found the class consisted of approximately thirty-seven members, not nine as this Court finds. The fact that only nine individuals responded to Appellant's letter is not dispositive of class membership. See id. at 75. I would affirm.
[1] Bagola's husband, Gregory Bagola, is also a named plaintiff on the complaint. Mr. and Mrs. Bagola will be collectively referred to as "Bagola."
[2] It is uncertain whether the class includes members from both groups. Universal alleges that the group 903 policy did not lapse, and therefore the members of that groups would not be in the class. Bagola disagrees. The trial court certified the class, not certain whether the class consisted of only members of the 904 group or both groups. In its journal entry, the trial court stated that "[w]e are dealing with 25 or 40 individuals, depending on the final classification of the group."
[3] Universal maintains that the reason one of the checks did not clear was because Bagola fraudulently altered her insurance policy. She married while working at Universal, and altered her policy to include her husband. Universal claims it was never informed of the alteration, and therefore Bagola never paid the contribution for the additional insurance. Universal alleges that by changing her insurance policy without informing anyone at Universal that she was doing so, Universal's insurance obligation increased over $640. Universal claims that the "insurance premiums are budgeted * * * and [Bagola's] intentional and fraudulent act caused the insurance payments to be short, thereby causing an initial termination of the policy."