OPINION
{¶ 1} Appellant, Stacey Coleman, appeals the judgment of the Montgomery County Common Pleas Court denying her motion for class certification. Coleman claims that the trial court erred because it failed to conduct a hearing on the motion *Page 2 
prior to deciding it, and that the trial court's decision was improper because it made findings of fact that were not a part of the record. Because the trial court did not err in failing to conduct an evidentiary hearing, and because the record supports the trial court's determination to deny class certification, we affirm the judgment of the Montgomery County Common Pleas Court.
 {¶ 2} The following facts are pertinent to the instant matter: In late 2004, Stacey Coleman met Gerald Lasson, who represented his business as credit counseling for people unable to purchase a home. As a result of this contact, Lasson offered to sell a home to Coleman, located at 305 Huntsford Place, in Trotwood, Ohio, for $107,432, an allegedly grossly inflated price. At the time of this purported sale, the property was owned by Donald and Anneta Williams; Lasson had neither legal nor equitable title to the premises. By terms of a November 10, 2004 agreement, Coleman paid Lasson a "non-refundable" deposit of $4,900, and semimonthly payments thereafter. Coleman made all payments to Lasson in a timely fashion.
 {¶ 3} In spite of the payments being current, Lasson served an eviction notice on Coleman on May 16, 2005, and thereafter, on March 22, 2005, he filed a forcible entry and detainer action in the Huber Heights Area County Court seeking to recover possession of the property occupied by Coleman. Coleman moved to transfer the case to the Montgomery County Common Pleas Court, filed an answer, asserted counterclaims and sought class certification due to an allegation that Lasson has repeatedly engaged in similar violations of the Consumer Sales Practices Act with numerous other individuals. *Page 3 
 {¶ 4} Lasson filed a response to the motion for class certification that did not dispute any of the allegations made by Coleman, and did not provide any evidence to the trial court as to why class certification should not be granted. Thereafter, the trial court, without conducting a hearing, overruled the motion for class certification.
 {¶ 5} Coleman appeals this judgment, setting forth two assignments of error.
 First Assignment of Error {¶ 6} "THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED AS A MATTER OF LAW WHEN IT DENIED DEFENDANT/COUNTERCLAIMANT STACEY COLEMAN'S MOTION FOR CLASS CERTIFICATION."
 Second Assignment of Error {¶ 7} "THE TRIAL COURT ERRED WHEN IT DID NOT HOLD A HEARING ON THE MOTION FOR CLASS CERTIFICATION PRIOR TO DECIDING THE MOTION."
 {¶ 8} As a preliminary matter, this court notes that Lasson has failed to file a brief. App. R. 18(C) provides "[i]f an appellee fails to file the appellee's brief within the time provided by this rule, or within the time as extended, * * *, in determining the appeal, the court may accept the appellant's statement of the facts and issues as correct and reverse the judgment if appellant's brief reasonably appears to sustain such action." App. R. 18(C).
 Standard of Review {¶ 9} The Supreme Court has consistently held that a "trial judge has broad discretion in determining whether a class action may be maintained and that *Page 4 
determination will not be disturbed absent a showing of an abuse of discretion." Marks v. C.P. Chem. Co. (1987), 31 Ohio St.3d 200, syllabus. See, also, Howland v. Purdue Pharma L.P., 104 Ohio St.3d 584,2004-Ohio-6552. Appellate courts should "* * * give trial courts broad discretion in deciding whether to certify a class." Hamilton v. OhioSav. Bank (1998), 82 Ohio St.3d 67, 70, 1998-Ohio-365. "[T]he appropriateness of applying the abuse-of-discretion standard in reviewing class action determinations is grounded not in credibility assessment, but in the trial court's special expertise and familiarity with case-management problems and its inherent power to manage its own docket." Id. See, also, Baughman v. State Farm Mut. Auto. Ins. Co.
(2000), 88 Ohio St.3d 480, 483.
 {¶ 10} Therefore, "while a trial court's determination concerning class certification is subject to appellate review on an abuse-of-discretion standard, due deference must be given to the trial court's decision" and any "finding of abuse of discretion, particularly if the trial court has refused to certify, should be made cautiously."Marks, 31 Ohio St.3d at 201. A finding of an abuse of discretion requires "a finding that the trial court's decision was unreasonable, arbitrary, or unconscionable." Wilson v. Brush Wellman, Inc.,103 Ohio St.3d 538, 2004-Ohio-5847, at ¶ 30.
 {¶ 11} For purposes of clarity, we will address the assignments of error out of the order in which they were presented.
 {¶ 12} In her second assignment of error, Coleman asserts that the trial court erred in not conducting an evidentiary hearing before determining the class certification motion. Civ. R. 23 is silent as to whether a hearing must be held on the issue of class certification. However, in Warner v. Waste Mgt, Inc. (1988), 36 Ohio St. 3d 91, the *Page 5 
Supreme Court recognized that an evidentiary hearing is not required in all cases. Id. at 99, n. 9. See, also, Gottlieb v. South Euclid,157 Ohio App.3d 250, 2004-Ohio-2705, at ¶ 49; and Franks v. Kroger Co.
(C.A.6, 1981), 649 F.2d 1216, 1223 (interpreting Fed.R.Civ.P. 23 as not requiring an evidentiary hearing on class certification). An evidentiary hearing is not required in cases where the pleadings in a class action are so clear that a trial court may find by a preponderance of the evidence that certification is or is not proper. Warner,36 Ohio St. 3d at 99, n. 9.
 {¶ 13} In Ritt v. Billy Banks Ents., Cuyahoga App. No. 89083, 2003-Ohio-3645, the Eighth District Court of Appeals stated that "`the parties must be afforded the opportunity to discover and present documentary evidence on the issue.'" Id. at ¶ 36, quoting fromWarner, 36 Ohio St. 3d 91, 99. In Clark v. Pfizer, Inc. (Jul. 13, 1984), Sandusky App. No. S-84-7, 1984 WL 7932, *2, the court stated that "* * * as long as the trial court provides a sufficient opportunity for a factual development so as to permit a meaningful determination as to whether or not a cause of action should be certified as a class action, the trial court need not conduct a hearing on the certification question. The certification determination is left within the sound discretion of the court."
 {¶ 14} Likewise, this court, in considering the identical issue, found parties have broad discovery rights under the Civil Rules that may be utilized to develop the factual basis by which they may support or oppose a motion for class certification. Arroyo v. Wagon Wheel AutoSales, Inc. (Aug. 11, 2000), Montgomery App. No. 18235, 2000 WL 1133167, *4.
 {¶ 15} Thus, our focus in considering whether the trial court's failure to hold an evidentiary hearing depends upon the development of the evidence, i.e., operative facts, *Page 6 
necessary to its determination of the certification question. If the parties had sufficient opportunity to present information to the court, in order to rule on certification, then the trial court did not abuse its discretion by failing to hold a hearing.
 {¶ 16} This action was first filed in March 2005. Prior to deciding the Motion for Class Certification, the trial court considered and ruled upon numerous pre-trial motions, including cross motions for summary judgment, a motion for default judgment, and numerous motions to strike parts of pleadings. The trial court also sua sponte considered an issue of subject matter jurisdiction. This process took nearly a year prior to the consideration of the Class Certification issue. In addition, more than six months elapsed after the filing of the certification motion, during which time discovery was available and evidence was being developed in the case. Also, the record does not reflect that at any time Coleman requested the opportunity to present additional evidence to the trial court by way of an evidentiary hearing.
 {¶ 17} The trial court initially noted in its decision that an abundance of evidence was before the court that had been developed in the preceding motion practice. The court also stated that it would consider all evidence proffered by the parties, including all prior motions, memoranda, and decisions of the court. We conclude that the parties had ample opportunity to present the trial court with relevant evidence, and that the trial court had sufficient evidence before it to rule on the question. Therefore, the trial court did not abuse its discretion by failing to hold an evidentiary hearing, and Coleman's second assignment of error is without merit.
 {¶ 18} In her first assignment of error, Coleman contends that the trial court erred in finding that she failed to establish the first, third, fifth, sixth, and seventh class *Page 7 
certification factors. In this regard, Coleman points out that Lasson failed to dispute any of the factors.
 {¶ 19} Pursuant to Civ.R. 23(A), a plaintiff must satisfy seven requirements in order to obtain class certification:
 {¶ 20} "(1) an identifiable class must exist and the definition of the class must be unambiguous [class definition]; (2) the named representatives must be members of the class; (3) the class must be so numerous that joinder of all members is impracticable [numerosity]; (4) there must be questions of law or fact common to the class; (5) the claims or defenses of the representative parties must be typical of the claims or defenses of the class [typicality]; (6) the representative parties must fairly and adequately protect the interests of the class [adequacy]; and(7) one of the three Civ.R. 23(B) requirements must be met." Hamilton, 82 Ohio St.3d at 71 (bracketed material added and citations omitted).
 {¶ 21} Civ. R. 23(B) requires that the court find one of three situations to be applicable to the within litigation. To be maintainable under Civ. R. 23(B)(1), the trial court would have to find that:
 {¶ 22} "the prosecution of separate actions * * * would create a risk of (a) inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the party opposing the class; or (b) adjudications with respect to individual members of the class which would * * * be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests."
 {¶ 23} To be maintainable under Civ.R. 23(B)(2), the trial court would have to find *Page 8 
that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief * * *." And finally, for a class action to be maintainable under Civ.R. 23(B)(3), the trial court would have to find "that the questions of law or fact common to the members of the class predominate over any questions affecting only individual members [predominance], and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy [superiority]." Civ. R. 23(B)(3) (bracketed material added).
 Class Definition {¶ 24} "The requirement that there be a class will not be deemed satisfied unless the description of it is sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member.'" Hamilton, 82 Ohio St.3d at 72, quoting from 7A Charles Alan Wright, Arthur R. Miller Mary Kay Kane,Federal Practice and Procedure (2 Ed. 1986), 120-121, Section 1760. Therefore, the class definition must be precise enough "to permit identification within a reasonable effort." Warner, 36 Ohio St.3d at 96. And, the trial court should look to the actions or practices of the defendant in order to define the class. Hamilton, 82 Ohio St.3d at 73.
 {¶ 25} Coleman identified her claimed class in varying terms. First, in her Motion for Class Certification, she claims "a class of individuals * * * with claims against Plaintiff G. Lasson for violations of the Consumer Sales Practices Act under [R.C.] *Page 9 
4712.11." In the accompanying memorandum, she claims that she is "representative of the class of prospective homebuyers who have been the victims of [Lasson's] schemes." And, in the memorandum, she further states that she "wishes to represent the class of people defrauded by Gerald Lasson."
 {¶ 26} In response, the trial court found that Coleman had failed to adequately define the class because the multiple definitions of the class were ambiguous, and because Coleman failed to provide a means to identify members of the class without conducting individualized determinations. Consequently, the trial court found that class certification was improper because an identifiable class did not exist.
 {¶ 27} Even if we limit our consideration to the definition of the class contained in Coleman's motion, or persons with claims against Lasson for violations of the Consumer Sales Protection Act, R.C.4712.11, we fail to discover how Coleman proposes to identify the members of the class without conducting individualized determinations.
 {¶ 28} In Hall v. Jack Walker Pontiac Toyota, Inc. (2000),143 Ohio App.3d 678, 683, this court affirmed a trial court's determination that a class was ambiguous because it would require an individualized determination of each case prior to determining if the party was a member of the class. We find the same problem to exist in this case. Because of the definitional requirements of R.C. 4712.01, Lasson's business records alone would not show whether a particular client would be a member of the class; it would necessarily require an individualized determination of each case prior to determining membership in the class. For that reason, we find that the trial court did not abuse its discretion in determining the issue of class definition. *Page 10 
 Numerosity {¶ 29} As for the numerosity requirement, the Supreme Court of Ohio observed in Warner that "courts have not specified numerical limits for the size of a class action. This determination must be made on a case-by-case basis." 36 Ohio St. 3d at 97. However, "`(i)f the class has more than forty people in it, numerosity is satisfied; if the class has less than twenty-five people in it, numerosity is probably lacking; if the class has between twenty-five and forty, there is no automatic rule (* * *).'" Id., quoting from Miller, An Overview of Federal Class Actions:Past, Present and Future (2 Ed. 1977). No matter the number, plaintiffs must still show under Civ.R. 23(A)(1) that "the class is so numerous that joinder of all members is impracticable."
 {¶ 30} Herein, Coleman has identified three potential class members, by referencing three cases filed in Montgomery County. From that, Coleman argues that these cases demonstrate that Lasson has been "operating his business" for more than ten years, and that Lasson has been "defrauding" enough people every year to be able to make a living for himself and his staff.
 {¶ 31} Coleman argues that the trial court should infer the large size of the class because Lasson has been conducting his business for more than ten years. Coleman also alleges that Lasson failed to contest this issue in his response. However, Coleman has not been able to demonstrate that more than three specific individuals *Page 11 
might participate in the class action as of the date of the determination of the motion to certify. "The mere "possibility" that members of a class exist is insufficient. Rather, the movant must provide evidence that a number of people have been harmed by the nonmovant's actions.'" Bagola v. Universal Nursing Servs., Summit App. No. 22033, 2004-Ohio-6082, at ¶ 18 (citation omitted).
 {¶ 32} A court may properly certify a class only if it finds, by a preponderance of the evidence, that the class meets the numerosity finding of Civ.R. 23(A). See Warner, 36 Ohio St.3d at 94. In this case, Coleman has not established the numerosity requirement by a preponderance of the evidence. Therefore, the trial court did not abuse its discretion in determining the issue of numerosity.
 Typicality {¶ 33} "Typicality" is met where a party representative's claim "`arises from the same events or practice or course of conduct that gives rise to the claims of other class members, and if his or her claims are based on the same legal theory.'" Baughman v. State Farm Mut.Auto. Ins. Co. (2000), 88 Ohio St.3d 480, 485, quoting 1 Newberg onClass Actions (3 Ed.1992) 3-74 to 3-77, Section 3.13. InBaughman, the Supreme Court explained that:
 {¶ 34} "`the requirement of typicality serves the purpose of protecting absent class members and promoting the economy of class action by ensuring that the interests of the named plaintiffs are substantially aligned with those of the class.' * * * Typicality *Page 12 
is a distinct prerequisite to class certification' * * * that `must be taken seriously and cannot be satisfied solely by conclusory allegations.'" 88 Ohio St.3d at 484, quoting from 7A Wright, Miller Kane, Federal Practice Procedure (2 Ed.1986) 234-235, Section 1764 (internal citations omitted).
 {¶ 35} Coleman argues that Lasson's use of the same pre-printed form with all members of the class creates the same issues for the other class members as it does for her. The trial court addressed this argument, finding that the lack of a putative class definition and the failure of Coleman to provide evidence of any other parties directly injured by the same conduct precludes the court from finding Coleman's claims to be typical of the class.
 {¶ 36} Because the Supreme Court has held that typicality is a distinct prerequisite to class certification that must be taken seriously and cannot be satisfied solely by conclusory allegations, we find that the trial court did not abuse its discretion in determining this issue.
 Adequacy {¶ 37} The requirement of adequacy is "generally divided into a consideration of the adequacy of the representative and the adequacy of counsel." Marks, 31 Ohio St.3d at 203. A class representative is considered adequate as long as his interest is not antagonistic to the interest of other class members. Hamilton, 82 Ohio St.3d at 77-78. However, "the issue of whether counsel is competent to handle the action can be the *Page 13 
most difficult in the Rule 23 analysis." Warner, 36 Ohio St.3d at 98. InWarner, the Supreme Court stated that:
 {¶ 38} "`[t]he fact that an attorney has been admitted to practice does not end the judicial inquiry. An attorney should be experienced in handling litigation of the type involved in the case before class certification is allowed. Close scrutiny should be given to the attorney's qualifications to handle the matter with which he is entrusted. * * * Since crucial questions of due process are involved, the trial court should exercise great care in its determination of this element. Although this task may be most unpleasant, it is one of the most vital.'" Id.
 {¶ 39} The trial court, ignoring the issue of adequacy as it pertained to Coleman, noted that the only evidence before it regarding the adequacy of counsel was Coleman's statement that she had retained "experienced counsel," and the fact that Lasson had not presented any rebuttal on the adequacy of counsel issue. Considering the paucity of evidence on the issue, the trial court found that the lack of evidence supporting counsel's competence constituted a failure to meet the burden of proof on this issue.
 {¶ 40} The Tenth District Court of Appeals, considering a nearly identical issue stated:
 {¶ 41} "`an evaluation of counsel's expertise is not one of the seven prerequisites set forth in Hamilton. We view the Supreme Court of Ohio's failure to list the ability of legal counsel to be the result of a general presumption that licensed legal counsel are capable of competently handling the lawsuits they file. Only where the ability of counsel to handle the class action is brought into serious question should the trial court engage in a factual determination about the ability of counsel.'" Rouda v. *Page 14 Stanley Steemer Internatl., Inc. (Jun. 20, 2000), Franklin App. No. 99AP-1351, 2000 WL 789972, * 2.
 {¶ 42} In this case, Lasson did not raise that issue, and the trial court claimed no negative knowledge with respect to the counsel. And, we think the better rule is that in the absence of evidence that counsel is unable to handle complex litigation, there is no need for the trial court to require significant evidence of counsel's ability. We therefore find that the trial court abused its discretion in determining this issue; however, because we have already found that the trial court did not abuse its discretion in the prior determinations, the error herein is harmless.
 Civ.R. 23(B) Findings {¶ 43} Civ. R. 23(B) provides that an action may be certified as a class action "if the prerequisites of subdivision (A) are satisfied, and in addition: [the court finds that one of three alternatives apply.]" Because we have previously found that the trial court did not abuse its discretion in finding that Coleman failed to meet the provisions of Civ. R. 23(A) in the following respects: class definition, numerosity, and typicality, the prerequisite to moving into a Civ. R. 23(B) analysis has not been met. Therefore, the trial court's determination of those issues is moot.
 {¶ 44} Accordingly, Coleman's first assignment of error is overruled. The judgment of the trial court is affirmed. *Page 15 
BROGAN, J., concurs.